**Myron P. LEITH and Rosemarie C. Leith, Plaintiffs,**

v.

**LUFTHANSA GERMAN AIRLINES, a corporation, Defendant,**

**and**

**Janusz W. Kieca, Defendant.**

**Nos. 91 C 7524, 92 C 1223.**

United States District Court, N.D. Illinois, E.D.

May 22, 1992.

---

George M. Elsener, Michael J. Teather, George M. Elsener & Associates, Chicago, Ill., for plaintiffs.

Victor C. Peters, Katten, Muchin & Zavis, Chicago, Ill., John N. Romans, Raymond L. Mariani, Katten, Muchin & Zavis, New York City, for defendant.

## MEMORANDUM AND ORDER

MORAN, Chief Judge.

These personal injury actions arose out of an accident involving plaintiff Myron P. Leith. He and his spouse, Rosemarie C. Leith, sued defendants Lufthansa German Airlines (LGA) and Janusz W. Kieca (Kieca) in the Illinois Circuit Court. Both defendants petitioned to remove their respective cases to federal court. Before us now are plaintiffs' petitions to remand each case to state court based on several alleged defects in the removal procedure.[1] For the reasons set forth below we deny plaintiffs' petitions.

## BACKGROUND

■ On February 11, 1991, Myron Leith was injured when he was struck by a forklift driven by Kieca, an employee of LGA, at O'Hare International Airport. The accident occurred on a loading dock allegedly operated by LGA. LGA and Kieca deny

---

1. Because these cases arose out of the same transaction and occurrence, they were consolidated on March 11, 1992, pursuant to General Rule 2.31.

any negligence in connection with the accident and attribute any fault to either Myron Leith or unnamed third parties. On October 17, 1991, plaintiffs sued LGA (the LGA suit) in the Circuit Court of Cook County. The summons and complaint were served on October 22, 1991. On November 22, 1991, LGA, claiming to be an instrumentality of a foreign state under the Foreign Sovereign Immunity Act (FSIA), 28 U.S.C. § 1602 *et seq.*[2], petitioned to remove the case to federal court. *See* 28 U.S.C. § 1441(d). Because LGA filed its petition 31 days after being served the summons and complaint, in violation of the governing statute's 30–day requirement,[3] plaintiffs seek a remand. Before we rendered our decision plaintiffs sued Kieca (the Kieca suit) in the Circuit Court of Cook County. Kieca received his summons and complaint on January 22, 1992, and on February 18, 1992, filed a timely petition to remove the lawsuit to federal court. In response to Kieca's petition plaintiffs argue that federal court jurisdiction is improper on the grounds that the FSIA does not apply to low-level employees of a foreign instrumentality and that no other permissible grounds for invoking jurisdiction exist. Kieca contends jurisdiction is proper either independently under FSIA or as an action pendent to the LGA proceeding pursuant to 28 U.S.C. § 1367.

## DISCUSSION

### A. *LGA Suit*

To determine whether federal jurisdiction in plaintiffs' suit against LGA or Kieca, or both, is proper, we must examine the language and policy of the FSIA. Enacted in 1976, the FSIA's aim is to delineate "when and how parties can maintain a lawsuit against a foreign state or its entities in the

courts of the United States and to provide when a foreign state is entitled to sovereign immunity." H.R.Rep. No. 1487, 94th Cong., 2d Sess. 6 (1976), *reprinted in* 1976 U.S.C.C.A.N. 6604, 6604 (H.Rep.). Congress believed foreign states needed "clear authority" to litigate in a federal forum because of the "potential sensitivity of actions against foreign states and the importance of developing a uniform body of law...." H.Rep. at 32. As a result, Congress included a provision that governs the removal of cases from state to federal court. It states:

Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without a jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter may be enlarged at any time for cause shown.

28 U.S.C. § 1441(d).

 Plaintiffs argue that LGA's one day delay in petitioning for removal should preclude federal jurisdiction. We disagree. Section 1441(d) requires a foreign state to show "cause" for not complying with the 30–day rule of § 1446(b). Factors courts consider in determining whether cause has been shown include the purpose of the FSIA removal provision, the progress of the state proceeding, any prejudice to the parties, and the effect on the substantive rights of the parties. *Refco, Inc. v. Galadari*, 755 F.Supp. 79, 83 (S.D.N.Y.1991). Application of these factors yields but one result. We should deny plaintiffs' petition.

---

**2.** In order for a corporation to qualify as an agency or instrumentality of a foreign state, it must show that it is a separate legal person, with a majority of its shares owned by a foreign state or political subdivision, and that it is neither a citizen of a state in the United States nor created under the laws of a third country. 28 U.S.C. § 1603(b). We find that LGA, by way of affidavit, put forth sufficient evidence to qualify as an agency or instrumentality of the government of Germany.

**3.** The statute provides in part:

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading ... or within thirty days after the service of the summons upon the defendant ... whichever period is shorter.

28 U.S.C. § 1446(b).

Applying the first factor, we note that in cases involving domestic defendants the 30–day rule is normally applied in a strict unforgiving fashion. Here the defendant is a foreign state; therefore, we must be mindful of Congress' objective of uniformity in the law and impartiality toward the foreign entity. The Leiths contend that no uniformity in the law will be achieved by a federal court presiding over this case because it involves an "uncomplicated" personal injury allegation governed by state law. Plaintiffs miss the point. Congress did not prescribe a case-by-case predetermination of whether uniformity will be achieved. Instead, by removing state court peculiarities and possible biases, uniformity will be furthered when the federal court system adjudicates controversies involving foreign states, irrespective of the complexity of any particular case.

Next, there has been little or no progress in the LGA suit filed in the Illinois state court, thus eliminating the concern of wasting judicial resources.

█ Third, the Leiths contend they have been prejudiced by being denied a jury trial in violation of the Seventh Amendment. This contention is unfounded. Congress understood that "one effect of removing an action under the new section 1441(d) will be to extinguish a demand for a jury trial made in the state court." H.Rep. at 33. More importantly, however, is the fact that plaintiffs do not have a constitutional right to a jury trial against LGA because jury trials against foreign states did not exist at common-law. *See Arango v. Guzman Travel Advisors*, 761 F.2d 1527, 1534–35 (11th Cir.1985), *cert. denied*, 474 U.S. 995, 106 S.Ct. 408, 88 L.Ed.2d 359 (1985); *Harpalani v. Air India, Inc.*, 622 F.Supp. 69, 74–75 (N.D.Ill.1985); *Williams v. Shipping Corp. of India*, 653 F.2d 875, 881–83 (4th Cir.1981), *cert. denied*, 455 U.S. 982, 102 S.Ct. 1490, 71 L.Ed.2d 691 (1982); *Refco, supra*, at 84.

Also, foreign states are given 60 days in which to file an answer pursuant to 28 U.S.C. § 1608(d). Therefore, had LGA's petition been filed on the last permissible day—30 days after the date of service rather than 31—it would have had an additional 30 days in which to answer. *See also* H.Rep. at 32 ("in view of the 60–day period ... and in view of the bill's preference that actions involving foreign states be tried in federal courts, the time limitations for filing a petition of removal under 28 U.S.C. 1446 may be extended 'at any time' for good cause shown."). Plaintiffs' argument requires us to accept the anomalous premise that Congress desires on the one hand, strict adherence to the 30–day rule, while at the same time granting foreign states a generous time allowance in which to respond to complaints. We reject this premise.[4]

Finally, since we are up to the task of applying Illinois law, plaintiffs' substantive rights are not adversely affected. We hold that cause has been shown for the one day delay and therefore deny plaintiffs' petition to remand the LGA suit.[5]

*B. Kieca Suit*

█ Jurisdiction over Kieca is not as clear-cut. Plaintiffs argue, in essence, that even if we find that LGA qualifies as a foreign state, Kieca, as a low-level employee, does not also qualify. Kieca maintains, on the other hand, that as an employee or agent of LGA he must also be deemed a foreign state for purposes of § 1441(d). In support, he cites *Schroeder v. Lufthansa German Airlines*, 1985 WL 3754 (N.D.Ill. Nov. 8, 1985), where the court denied the plaintiff a jury trial against employees of LGA, even though the requirements for diversity jurisdiction were apparently satisfied. The court held that since LGA, as a foreign state, was not subject to a jury trial, then LGA's employees were also not subject to a jury trial. In *Schroeder*, the

---

**4.** This is not to say that all removals within the 60–day window should be granted. It does say, however, that when a foreign state is the removing party, we will not blindly apply the 30–day requirement with indifference to what Congress intended.

**5.** Plaintiffs also make much of the fact that LGA did not formally move for an enlargement of the 30–day requirement. Because LGA's argument herein encompasses, in substance, what a motion to enlarge would encompass, we view them as one and the same and therefore waive the need for a formal motion.

employees involved were flight crew members who allegedly received a telephone call from an unknown third person, inquiring whether the plaintiff would be on a particular flight. After certain criminal acts against the plaintiff took place, she sued LGA and its employees because she was not warned of the phone call.

Whether, by looking through the lens of agency law, a forklift driver who commits a tortious act is, for FSIA purposes, equivalent to a flight crew member who routinely receives phone calls from the general public, we leave for another day. Suffice it to say, the issue is not settled.[6]

There is some authority, however, for the proposition that § 1441(d) calls for removing the entire "civil action," despite the fact that not all the defendants would otherwise qualify as a foreign state. Congress believed the foreign state's removal power should be available "even if there are multiple defendants and some of these defendants desire not to remove the action or are citizens of the State in which the action has been brought." H.Rep. at 32.

We cannot say without some hesitation that Congress intended to give foreign state defendants an unfettered right to remove the entire action to federal court. Therefore, we do not rest our decision on this point. We do, however, believe the Kieca suit is pendent to the LGA suit, making federal jurisdiction proper. Section 1367, which was amended effective December 1990, empowers this court to entertain pendent or "supplemental" actions. Once jurisdiction over the main claim is established, the statute mandates that the "district court *shall* have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction...." 28 U.S.C. § 1367(a) (emphasis added). Without question, the two claims are "so related" for purposes of supplemental jurisdiction. In fact, the complaints, answers, and affirmative de-

fenses are virtually identical. Undoubtedly, most of any proffered evidence will apply to each claim. The statute makes clear that not only pendent claims (same parties, related claim), but also pendent parties (different parties, related claims), are meant to be included. By including "additional" or pendent parties, the statute overrules prior Supreme Court precedent— relied on by plaintiffs herein—which rejected pendent party jurisdiction. *See* 28 U.S.C.A. § 1367 (comment at p. 232) (discussing *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989)).

Although there may be some support for original jurisdiction of the Kieca suit under the FSIA, § 1367 mandates our exercise of jurisdiction over both actions.

## CONCLUSION

For the foregoing . reasons, we deny plaintiffs' petitions to remand. The actions will remain consolidated under this court's jurisdiction.

---

6. Because the issue is not settled, we find Kieca's brief somewhat troubling. Kieca stated that "the FSIA refers not only to a sovereign state itself, but also to its agencies and *their employees*" (deft. mem. in opposition, at 3 (emphasis added)). Because the statute itself was cited for this proposition, the reader is led to

believe Kieca was paraphrasing § 1603(b). On the contrary, we note that nowhere in the FSIA is it expressed or implied that employees of a foreign state, regardless of their function, attain foreign state status for purposes of § 1441(d), when sued individually.