**Gustavo PONCE, Plaintiff,**

v.

**ALITALIA LINEE AIREE,
et al., Defendants.**

No. 93 C 7405.

United States District Court,
N.D. Illinois, E.D.

Dec. 9, 1993.

Rhonda L. Beesing, Chicago, IL, for plaintiff.

Cassiday, Schade & Gloor, Chicago, IL, for Alitalia.

### MEMORANDUM OPINION
### AND ORDER

SHADUR, Senior District Judge.

On September 23, 1993 Gustavo Ponce ("Ponce") sued Alitalia–Linee Aeree Italiane,

S.p.A. ("Alitalia")[1] and its employee Scrima Giulietta ("Scrima")[2] in the Circuit Court of Cook County, claiming personal injuries stemming from a collision between an Alitalia motor vehicle driven by Scrima and another motor vehicle driven by Ponce. On or about October 15 Alitalia was served with the summons and Complaint. Now, more than 50 days later, Alitalia has filed a "Petition for Removal" ("Notice"[3]) of the case to this District Court. This Court sua sponte directs the litigants to address more fully the defect in removal that Alitalia itself has identified in the Notice.

There is of course no question as to Alitalia's *right* to remove: Notice ¶ 5 properly invokes 28 U.S.C. § 1441(d)[4] because Alitalia is an Italian-based Italian corporation, the majority of whose shares are owned by the Republic of Italy (Notice ¶ 3). Under Section 1603(a) and (b)(2) that makes Alitalia a "foreign state" for purposes of both the Foreign Sovereign Immunities Act (Sections 1602–1611) and the contemporaneously enacted Section 1441(d).

■ But the acknowledged irregularity in what Alitalia has done here is in the *timing* rather than in the *fact* of removal. Section 1446(b) requires that the notice of removal must be filed within 30 days after receipt of the complaint, and as already stated Alitalia waited more than three weeks beyond that time before it took any action in that respect. Alitalia's lawyer recognizes that fact (Notice ¶ 9) but seeks to rely on two special provisions that apply to a "foreign state" that has been subjected to suit:

1. Section 1608(d), applicable to all such suits in the state courts as well as in the federal courts, gives the foreign state 60 days after service (rather than the 20 days allowed to the ordinary litigant under Fed.R.Civ.P. 12(a)) to file an answer or other responsive pleading. Thus Alitalia's responsive pleading was not yet due at the time that it filed the Notice.

2. Section 1441(d) specifies as to removal by a foreign state authorized by that subsection:

> Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter may be enlarged at any time for cause shown.

And Notice ¶ 9 points solely to the facts just set out in the preceding numbered paragraph 1 as Alitalia's "showing" of its "cause to enlarge the time limitations" for removal.

Only a moment's thought should suffice to recognize the basic flaw in that approach. After all, by enacting Section 1608(d) Congress conferred an absolute *right* to a 60-day period for responsive pleadings on *every* foreign state in *every* lawsuit. If that right automatically carried with it an equivalent right to the foreign state's belated invocation of the right of removal, there would have been no occasion for Congress to include in Section 1441(d) *any* requirement for a "cause shown" in order to enlarge the universal 30-day removal period under Section 1446(b). Instead Congress could readily and simply have created an invariable 60-day removal period for foreign states.

No, the "cause shown" provision under Section 1441(d) has to connote some proof of a justification other than the extended pleading period that is automatically conferred on the foreign state by Section 1608(d). And that added showing should be meaningful in substantive terms. See, for example, the discussion in *Boland v. Bank Sepah–Iran*, 614 F.Supp. 1166, 1169–70 (S.D.N.Y.1985)

---

1. In fact Ponce's lawyer had Alitalia's name slightly wrong in the Complaint, calling it simply "Alitalia Linee Aeree." Alitalia has not made an issue out of the misnomer, so nothing further will be said about it.

2. It would seem more likely (though this Court has no way of being certain) that the employee's name is Giulietta Scrima instead: After all, Giulietta has of course been a well-known first name at least as far back as Shakespeare's time. But because Scrima has not entered the fray up to this point, that side issue also will not be explored further.

3. Alitalia's lawyer has employed the superseded term "Petition," even though the statute that he cites (correctly) as to the procedure for removal was changed over five years ago to rename the removal document "notice of removal."

4. All further references to Title 28's provisions will simply take the form "Section—."

and cases cited there, referring to the "showing of cause to justify an extension of the section 1446(b) time requirement [as] rarely found, in keeping with the practice of construing the removal statutes in favor of remand" (614 F.Supp. at 1169) and to "the stringent requirements for a showing of cause" (*id.*).

This Court is of course aware of the recent opinion by its esteemed colleague Honorable James Moran in *Leith v. Lufthansa German Airlines,* 793 F.Supp. 808, 810–11 (N.D.Ill. 1992), finding that a notice of removal on the 31st day after service of process (just one day late) would be excused under Section 1441(d). Leaving aside the question whether the *result* in *Leith* was justified under all of the circumstances, this Court respectfully disagrees with what appears to be the approach suggested by Chief Judge Moran, under which the burden seems to have been shifted to the plaintiff to show why the case should not go back to the state court, rather than the burden being imposed where Congress placed it—on the foreign state to show real "cause." In any case, however, even *Leith* appears to acknowledge that the extended responsive pleading time that is allowed to a foreign state is not of itself "cause" for enlarging the time limitation for removal (793 F.Supp. at 811 n. 4).

For the reasons expressed in this opinion, if any additional claimed "cause" for Alitalia's tardy removal assertedly exists, Alitalia's counsel is ordered to file an appropriate explanatory submission to that effect in this Court's chambers on or before December 27, 1993. If no such filing is made, this Court will assume that the only claimed cause for the late removal is Alitalia's statutory right to a longer responsive pleading timetable.

■ It should of course be emphasized that this Court recognizes that the problem identified in this opinion is nonjurisdictional, so that it does not trigger operation of the mandatory remand under Section 1447(c). It may well be that Ponce and his counsel are content to have the action remain here, in which event this Court will be pleased to entertain it. In that respect Section 1447(c) requires that any "motion to remand the case on the basis of any defect in removal proce-

dure must be made within 30 days after the filing of the notice of removal under section 1446(a)"—in this instance on or before January 7, 1994. If Ponce elects to file such a motion in this Court's chambers on or before the December 27 due date for Alitalia's submission, this Court will take appropriate action based on both sides' filings. If no such motion is filed by Ponce by that date, this Court will of course wait out the 30–day time period provided by Section 1447(c) before determining what action if any is appropriate.