Robert **KEENE** and Lynette Keene, Plaintiffs,

v.

**AUTO OWNERS INSURANCE COMPANY and Cole–Farley & Associates, Inc., f/k/a The McDaniel Company, Defendants.**

**No. Civ.A. 99–0875–RV–S.**

United States District Court, S.D. Alabama, Southern Division.

Nov. 17, 1999.

---

Jmes G. Curenton, Jr., Fairhope, AL, for Plaintiff.

Forrest S. Latta, W. Perry Hall, Pierce, Ledyard, Latta & Wasden, Mobile, AL, for Auto Owners Ins. Co.

Rebecca D. Parks, Benjamin T. Rowe, Cabaniss, Johnston, Gardner, Dumas & O'Neal, Birmingham, AL, for Cole–Farley & Assoc.

### ORDER

VOLLMER, District Judge.

This matter comes before the court *sua sponte* for a determination of whether the supplemental jurisdiction statute, 28 U.S.C. § 1367, permits a defendant to remove an otherwise unremovable action for consolidation with a related action pending in federal court. After careful consideration, the court concludes that section 1367 does not create original jurisdiction over a separate but related state action and therefore does not permit removal to federal court. Consequently, because the removing defendants rely solely upon section 1367 for subject matter jurisdiction, this action is due to be remanded.

## I. BACKGROUND

According to the complaint, plaintiffs Robert and Lynette Keene are the sole shareholder and president, respectively, of Concrete Metal Forms, Inc. ("CMF"), a company that constructs forms for concrete pours. In late 1996, CMF contacted defendant Cole–Farley & Associates, Inc. ("Cole–Farley"),[1] an insurance agency, to obtain liability insurance for the construction of an addition to the Baldwin County Jail in Bay Minette, Alabama. On January 7, 1997, defendant Auto Owners Insurance Company ("Auto Owners"), acting through Cole–Farley, issued CMF a commercial general liability insurance policy for the construction project.

On June 2, 1997, the second floor of the jail addition collapsed while concrete was being poured into the forms erected by CMF. As a result, several construction workers were injured and various pieces of construction equipment were destroyed. In addition, construction that had already been completed had to be redone due to the extent of the damage caused by the collapse. Shortly thereafter, the general contractor, Stuart Construction Company ("Stuart"), filed various claims against CMF's insurance policy. After conducting an investigation, Auto Owners paid the majority of those claims, which were for bodily injury and property damage. However, as to the remaining claim for approximately $100,000 in "clean-up" costs associated with the collapse, Auto Owners paid

---

1. At the time, Cole–Farley was known as "The McDaniel Company."

Stuart only $13,328.90 and denied the remainder of the claim. Because Auto Owners denied the majority of that claim, Stuart did not pay CMF any money for the construction of the Baldwin County Jail addition.

On August 10, 1998, CMF filed a complaint in this court captioned *Concrete Metal Forms, Inc. v. Cole–Farley & Associates, Inc., and Auto Owners Insurance Company*, Civ. No. 98–0806–RV–S.[2] The complaint, which alleges state law claims for breach of contract, bad faith, negligence, wantonness and fraud, invoked federal subject matter jurisdiction under 28 U.S.C. § 1332, based on the fact that the action was between citizens of different states[3] and the amount in controversy exceeded $75,000.

While that suit was pending, the Keenes filed this action in the Circuit Court of Baldwin County, Alabama. According to their complaint, the Keenes took out a mortgage on their home so that they could pay their employees and pay for other expenses necessary to complete the Baldwin County Jail addition following the collapse. They allege that they did so based upon Cole–Farley's and Auto Owners' representations that all collapse-related claims would be paid in full. Because Stuart subsequently refused to pay CMF for the construction of the jail addition on the basis that Auto Owners would not cover the clean-up costs associated with the collapse, the Keenes were forced to sell their home in order to obtain enough money to pay the mortgage and avoid foreclosure. Their complaint seeks unspecified compensatory and punitive damages for misrepresentation, deceit, fraudulent concealment, negligence and wantonness.

Auto Owners, joined by Cole–Farley, removed this case on September 16, 1999. Auto Owners acknowledged that the case would not normally be removable because there is no diversity of citizenship[4] or federal question presented on the face of the complaint. However, it argued that removal was proper under the supplemental jurisdiction statute, 28 U.S.C. § 1367, because the underlying claims presented in this action are part of the same "case or controversy" as the *Concrete Metal Forms* case already pending in this court. Accordingly, Auto Owners filed a concurrent motion to consolidate both cases. The Keenes opposed consolidation, but they did not contest the removal or otherwise file a motion to remand.

## II. DISCUSSION

 At the outset, the court notes that it is raising this jurisdictional issue *sua sponte* because federal district courts have a duty to remand any case that was improvidently removed from state court. *See Paz v. Bonita Tomato Growers, Inc.*, 920 F.Supp. 174, 175 (M.D.Fla.1996); *East v. Long*, 785 F.Supp. 941, 944–45 (N.D.Ala. 1992); *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572, 575 (S.D.Ala.1986). The basis for this duty arises from the fact that federal courts are courts of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994), and they must therefore determine that they have subject matter jurisdiction over every action before proceeding to the merits of the case. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Where there are unresolved doubts as to whether

---

2. The complaint was originally captioned *Concrete Metal Forms, Inc. v. The McDaniel Company and Auto Owners Insurance Company*, Civ. No. 98–0806–RV–S. However, as stated in note 1, *supra*, The McDaniel Company later became known as Cole–Farley & Associates, Inc. Accordingly, the caption and text of the complaint were later amended by order of this court to reflect that change.

3. CMF is a Florida corporation with its principal of business in Florida. Cole–Farley is a Georgia corporation with its principal place of business in Georgia; Auto Owners is a Michigan corporation with its principal place of business in Michigan.

4. The Keenes and Cole–Farley are both Georgia citizens.

a federal court has jurisdiction over a case that was removed from state court, those doubts must be resolved in favor of remand. *See University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir.1999).

■ Removal "of any civil action brought in a State court" is proper only where "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Thus, a defendant may generally remove a civil action that raises a federal question, *see* 28 U.S.C. § 1331, or that involves an amount in controversy exceeding $75,000 between citizens of different states, *see* 28 U.S.C. § 1332, because both types of cases grant federal district courts "original jurisdiction." Here, however, none of the Keenes' claims arise "under the Constitution, laws, or treaties of the United States" as would be necessary for federal question jurisdiction. 28 U.S.C. § 1331. Nor is there diversity jurisdiction under 28 U.S.C. § 1332, because both the Keenes and Auto Owners are citizens of the State of Georgia. It would therefore seem that the removal was improper on its face because the court does not have any basis for asserting original jurisdiction over this action.

In its notice of removal, however, Auto Owners asserts that the supplemental jurisdiction statute provides an independent basis for removal. That statute states in relevant part:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, *in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.* Such supplemental jurisdiction

shall include claims that involve joinder or intervention of additional parties.

28 U.S.C. § 1367(a) (emphasis added). Noting that this court already has original jurisdiction over the *Concrete Metal Forms* case, Auto Owners contends that the removal of this action was proper because the claims raised in both cases revolve around "a common nucleus of operative fact"[5]—the dispute concerning the amount of Auto Owner's & Cole–Farley's liability for claims arising out of the collapse of the second floor of the Baldwin County Jail—and are therefore part of the same case or controversy necessary for supplemental jurisdiction.

■ This argument demonstrates a fundamental misunderstanding of "the distinction between the jurisdictional elements of section 1367 and the removal elements of section 1441." *George v. Borden Chem. and Plastics Operating Ltd. Partnership*, 960 F.Supp. 92, 95 (M.D.La.1997). As noted above, a defendant may remove only those civil actions "of which the district courts of the United States have *original jurisdiction.*" 28 U.S.C. § 1441(a) (emphasis added). Section 1367 does not confer original jurisdiction. *See Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 456 (6th Cir.1996); *Tafuri v. Jeppesen Sanderson, Inc.*, 25 F.Supp.2d 1364, 1369 (S.D.Fla.1998); *Sebring Homes Corp. v. T.R. Arnold & Associates, Inc.*, 927 F.Supp. 1098, 1101 (N.D.Ind.1995). Rather, it merely provides that where a federal district court has original jurisdiction over an action, it may exercise jurisdiction over all claims raised within that action. *See Brown v. Prudential Ins. Co.*, 954 F.Supp. 1582, 1584 (S.D.Ga.1997); *In re Estate of Tabas*, 879 F.Supp. 464, 467 (E.D.Pa.1995).

Auto Owners cites *Leith v. Lufthansa German Airlines*, 793 F.Supp. 808 (N.D.Ill.1992), to support its rather tortured construction of section 1367. In *Leith*, the plaintiff filed separate personal injury actions in state court against Luf-

---

5. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

thansa and one of its employees. Both actions were removed to federal court and subsequently consolidated. In denying the plaintiff's motions to remand for lack of subject matter jurisdiction, the district court first concluded that the Foreign Service Immunities Act ("FSIA"),[6] provided jurisdiction over the Lufthansa action. As to the second action, the court indicated that it was not sure whether the FSIA provided jurisdiction over Lufthansa's "low-level employee," but it concluded that such a determination was unnecessary because the suit against the employee was "pendent to the [Lufthansa] suit, making federal jurisdiction proper" under section 1367. *Id.* at 812. According to *Leith* court, such a conclusion was appropriate because section 1367 "makes clear" that not just related claims, but also related actions, "are meant to be included" within the court's supplemental jurisdiction. *Id.*

 This court respectfully disagrees. By its plain terms, the supplemental jurisdiction statute distinguishes between an action and the claims raised within that action. *See* 28 U.S.C. § 1367 ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action"). Thus, as other courts have explained, section 1367 "contemplates supplemental jurisdiction arising only from claims within a single action." *Sebring,* 927 F.Supp. at 1101 (quoting *USA One BV v. Delmont Fire Protection Serv.,* No. 93–1320, 1993 WL 140514, at *1 (E.D.Pa. May 3, 1993)). Accordingly, because section 1367 applies only to claims within a single action and not to claims within related actions, the supplemental jurisdiction statute cannot serve as "an independent source of removal jurisdiction." *Tabas,* 879 F.Supp. at 467. *See also Ahearn,* 100 F.3d at 456 ("The supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, and a removal petition therefore may not base subject-matter jurisdiction on [section

1367], even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction, and even if removal would be efficient.") (citations omitted). This court therefore declines to follow *Leith* and instead holds that a defendant may not invoke the supplemental jurisdiction statute to bootstrap an otherwise unremovable action into federal court.

## III. CONCLUSION

For the foregoing reasons, the court holds that the supplemental jurisdiction statute is not an independent source of removal jurisdiction and therefore does not empower a defendant to remove an otherwise unremovable case for consolidation with a related federal action. Because the supplemental jurisdiction statute is the defendants' sole jurisdictional basis for removal, the court lacks subject matter jurisdiction over this action. Accordingly, it is **ORDERED** that this case is hereby **REMANDED** to the Circuit Court of Baldwin County, Alabama. The **CLERK** is **DIRECTED** to take all steps necessary to effectuate this remand. Each party shall bear its own costs.

Done this 16th day of November, 1999.