### In re DOW CORNING CORPORATION, Debtor.

### No. 95–CV–72397–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Sept. 12, 1995.

---

### MEMORANDUM OPINION AND ORDER ON THE NON-DEBTORS' MOTIONS TO TRANSFER

HOOD, District Judge.

### I. INTRODUCTION/FACTS:

This matter is before the Court on the non-debtors Medical Engineering Corporation/Bristol–Myers Squibb ("MEC Defendants"), Minnesota Mining and Manufacturing Company ("3M") and Baxter Healthcare Corp. and Baxter International, Inc.'s ("Baxter Defendants") motions to transfer breast implant cases to the United States District Court, Eastern District of Michigan. Responses were filed and a hearing was held on the matter.

On May 15, 1995, the Debtor, Dow Corning Corporation, sought a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code with the Bankruptcy Court of the United States District Court, Eastern District of Michigan, Northern Division in Bay City, before the Honorable Arthur J. Spector. On June 12, 1995, the Debtor filed a motion to transfer certain breast implant cases before the Bankruptcy Court. Judge Spector entered a Determination and Report and Recommendation Regarding the Debtor's Motion to Transfer on June 13, 1995 indicating that the District Court had jurisdiction over this motion. The non-debtors, MEC Defendants, 3M, and Baxter Defendants also filed similar motions to transfer before the Bankruptcy Court. On July 5, 1995, this Court entered an order provisionally transferring the opt-out breast implant cases involving the Debtor only to the East-

ern District of Michigan pending a hearing scheduled for the motion on July 31, 1995. The Court also scheduled the non-debtors' motions to transfer on the same date.

Plaintiffs have filed various causes of actions all over the United States against the non-debtors' and movants, MEC Defendants, 3M and Baxter Defendants, alleging, *inter alia,* that the silicone breast implants manufactured by these companies, caused certain diseases and injuries. The non-debtor Defendants have also been sued, in some cases, as joint tortfeasors with the Debtor, naming the Debtor as the supplier of certain raw materials. They seek to have the actions against them transferred to this District along with the actions involving the Debtor, essentially so that the Court can hold one or more consolidated trials on the issue of causation only.

## II. *ANALYSIS:*

A. *Whether the claims involving the non-debtors are "related to" the Debtor's bankruptcy proceedings under 28 U.S.C. § 1334(b).*

▮ The district court has jurisdiction under 28 U.S.C. § 1334(b) to "all civil proceedings ... related to cases under title 11." "Related to" jurisdiction includes actions involving non-debtors that could "conceivably" have an affect on the Debtor's bankruptcy case. *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3rd Cir.1984); *Robinson v. Michigan Consol. Gas Co. Inc.,* 918 F.2d 579, 583-584 (6th Cir.1990). In a recent Supreme Court case, the Court addressed the "related to" jurisdiction of the Court:

Congress did not delineate the scope of 'related to' jurisdiction, but its choice of words suggests a grant of some breadth. The jurisdictional grant in § 1334(b) was a distinct departure from the jurisdiction conferred under previous acts, which had been limited to either possession of property by the debtor or consent as a basis for jurisdiction. We agree with the views expressed by the Court of Appeals for the Third Circuit in *Pacor, Inc. v. Higgins,* 743 F.2d 984 (1984), that 'Congress intended to grant comprehensive jurisdiction to the

bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate,' and that the 'related to' language of § 1334(b) must be read to give district courts (and bankruptcy courts under § 157(a)) jurisdiction over more than simple proceedings involving the property of the debtor or the estate.

*Celotex Corp. v. Edwards,* — U.S. —, — – —, 115 S.Ct. 1493, 1498-1499, 131 L.Ed.2d 403 (1995).

In *Pacor, supra,* the Court held that the actions against the non-debtor would have no effect on the debtor's bankruptcy estate and therefore are not "related to" bankruptcy within the meaning of section 1471(b).[1] 743 F.2d at 995. The Third Circuit stated:

... At best, it is a mere precursor to the potential third party claim for indemnification by Pacor against Manville. Yet the outcome of the Higgins–Pacor action would in no way bind Manville, in that it could not determine any rights, liabilities, or course of action of the debtor. Since Manville is not a party to the Higgins–Pacor action, it could not be bound by res judicata or collateral estoppel. (cites omitted) Even if the Higgins–Pacor dispute is resolved in favor of Higgins (thereby keeping open the possibility of a third party claim), Manville would still be able to relitigate any issue, or adopt any position, in response to a subsequent claim by Pacor. Thus, the bankruptcy estate could not be affected in any way until the Pacor–Manville third party action is actually brought and tried.

*Id.* at 995. The Third Circuit went on to state that without a judgment against the non-debtor, there could never be a third party indemnification claim against Manville. *Id.* The Sixth Circuit also noted that any judgment received could not itself result in even a contingent claim against the debtor since an entirely separate proceeding to obtain indemnification must first be made. There is no automatic/contractual basis for indemnification between the non-debtor and the debtor. *Id.*

---

**1.** Section 1471 is now 28 U.S.C. § 1334.

In the instant case, as in *Pacor*, there would be no contingent claim by the non-debtors against the Debtor for indemnification until such time as a judgment is rendered. Even then, the non-debtors would have to proceed with an entirely separate proceeding in order to obtain indemnification from the Debtor before the Bankruptcy Court. There has been no allegation that there is a contractual or automatic basis for indemnification between the non-debtors and the Debtor. Nor has there been any assertion that the non-debtors have filed any cross-claims against the Debtor. Even if cross-claims were filed by the non-debtors against the Debtor, those claims could be severed and the matter could proceed as to the non-debtors.

The non-debtors have asserted that judicial economy should be a concern for the Court. The *Pacor* court addressing judicial economy wrote:

> On the other hand, the mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of section 1471(b). Judicial economy itself does not justify federal jurisdiction. (cites omitted) '[J]urisdiction over nonbankruptcy controversies with third parties who are otherwise strangers to the civil proceeding and to the parent bankruptcy does not exist.' (cites omitted).

*Pacor*, 743 F.2d at 994. This Court finds that judicial economy would not be attained by having one or more causation trial on the issue of disease involving the non-debtors because there appear to be other issues involved that need to be tried subsequent to the causation trial, i.e., mechanical causation and punitive damages. This Court further finds that judicial economy alone does not justify this Court obtaining jurisdiction over the non-bankruptcy actions involving the non-debtors. The claims against the non-debtors are not related to the bankruptcy action before the Court and the Court has no jurisdiction over those claims pursuant to 28 U.S.C. § 1334(b).

**B.** *Whether the Court possesses supplemental jurisdiction under 28 U.S.C. § 1367(a).*

■ The non-debtors cite *In re Cuyahoga Equip. Corp.*, 980 F.2d 110 (2d Cir.1992) to support their argument that this Court possesses supplemental jurisdiction over the actions against the non-debtors pursuant to 28 U.S.C. § 1367(a). In that case, the court stated:

> The district court's authority to approve the settlement, with respect to the environmental causes of action, could properly be founded on its supplemental jurisdiction. Given an independent jurisdiction source like that provided by § 1334(b), federal courts possess supplemental jurisdiction over related claims. See 28 U.S.C.A. § 1367(a) (West Supp.1992) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are *so related to* claims in [an] action within [a court's] original jurisdiction that they form part of the same case.") In the case at hand, the environmental causes form part of the same case with the bankruptcy claims because all of them, resolved in the settlement agreement, concern the government's attempts to remedy hazardous substance releases at the Publicker site and they remain intertwined in the competing parties' efforts to secure a share of the proceeds of the option sale. Even without an independent source of jurisdiction over the environmental actions, § 1367(a) therefore vested the Southern District with jurisdiction over them as related claims forming part of the same case pending before it. (cites omitted) (emphasis added).

*Id.* at 115. The Court notes that this appears to be the only circuit case which addresses supplemental jurisdiction under Section 1367 involving a bankruptcy. *In the Matter of Walker*, 51 F.3d 562, 572 (5th Cir.1995). The Fifth Circuit noted that the Second Circuit "did not rest on § 1367 alone, noting that '[t]he district did not need to rely solely on its supplemental jurisdiction to approve the settlement, because additional authority arises from CERCLA's jurisdictional grant....'" (cites omitted). 51 F.3d at 572, n. 8. Section 1367 also uses the "related to"

language in order for a court to exercise jurisdiction over an action.

Given the facts in the instant case, this Court finds that it does not have supplemental jurisdiction over the claims against the non-debtors. The breast implant actions against the non-debtors are not "so related" to the bankruptcy action that "they form part of the same case." In the *In re Cuyahoga* case, the Second Circuit found that the environmental causes formed part of the bankruptcy claims because those claims remained "intertwined in the competing parties' efforts to secure a share of the proceeds of the option sale." 980 F.2d at 115. Here, the non-debtors have not shown that the claims against them are so "intertwined" with the Debtor's interests in the bankruptcy action. The Court finds that it has no supplemental jurisdiction over the claims involving the non-debtors that do not involve the Debtor.

Since this Court has ruled that it does not have jurisdiction over the claims against the non-debtors, the Court will not address the abstention issue in detail. The Court incorporates by reference its analysis of the abstention issue in its Memorandum Opinion and Order on the Debtor's Motion to Transfer.

C. *Motions and Proposed Orders Dismissing the Debtor and/or Remanding Claims involving the Non–Debtors Currently Pending.*

 Various Claimants in their responses to the non-debtors' motions to transfer and during oral arguments indicate that there are motions and proposed orders seeking to dismiss or sever the Debtor and/or remand the claims involving the non-debtors currently pending either in the district court to which the non-debtors removed the matter or before the Multi District Litigation Panel ("MDL") judge, the Honorable Sam C. Pointer in the Northern District of Alabama.[2] Given this Court's ruling that it has no jurisdiction over the non-debtors' claims, those motions and/or orders to dismiss or sever the Debtor and/or remanding the claims to the state court should be addressed by the district court where those causes of actions are currently pending or by Judge Pointer if that case has been transferred to the MDL court. Claims against the non-debtors currently pending before a state court must not be removed to the U.S. District Court if the only basis for removal is under 28 U.S.C. § 1334(b) or § 1367(a).

Accordingly,

IT IS ORDERED that the non-debtors Medical Engineering Corporation/Bristol–Myers Squibb, Minnesota Mining and Manufacturing Company and Baxter Healthcare Corp. and Baxter International, Inc.'s motions to transfer breast implant cases to the Eastern District of Michigan are hereby DENIED;

IT IS FURTHER ORDERED that motions and proposed orders seeking to dismiss or sever the Debtor and/or remand the claims involving the non-debtors back to state court currently pending either in the district court to which the non-debtors removed the matter or before the MDL judge, should be granted by that Court in accordance with this Court's opinion; and

IT IS FURTHER ORDERED that the non-debtors are ENJOINED from removing any claims against all the non-debtors currently pending before a state court to the United States District Court if the only basis for removal is under 28 U.S.C. § 1334(b) or § 1367(a).

---

**2.** The Court notes that its July 5, 1995 Order Provisionally Transferring Certain Breast Implant Cases to this Court pending a hearing specifically stayed actions involving the Debtor, Dow Corning and did not stay any proceedings as to the non-debtors.