SEBRING HOMES CORP.,
et al., Plaintiffs,

v.

T.R. ARNOLD & ASSOCIATES,
INC., Defendant.

No. 3:94–CV–485RM.

United States District Court,
N.D. Indiana,
South Bend Division.

Dec. 18, 1995.

Max K. Walker, Jr., Cosentino Walker Shewmaker and Christofeno, Elkhart, IN, for plaintiffs.

James M. Matthews, Robert Allen Wade, Baker and Daniels, South Bend, IN, Kennard R. Weaver, Eileen A. Groves, Baker and Daniels, Elkhart, IN, for defendant.

## MEMORANDUM AND ORDER

MILLER, District Judge.

This cause is before the court on the parties' responses to the question regarding subject matter jurisdiction raised in the November 30, 1995 telephonic status conference, the defendant's motion to compel discovery or dismiss and for sanctions, and the defendant's supplement to the motion to compel or dismiss and for sanctions. For the reasons that follow, the court remands this case to state court for further proceedings.

### I. PROCEDURAL BACKGROUND

Plaintiff Sebring Homes Corp. ("Sebring") is an Indiana corporation that manufactures and distributes recreational vehicles and manufactured homes. Plaintiffs Darlene and Martin Ornatowski are the president and vice president, respectively, of Sebring.

Defendant T.R. Arnold & Associates, Inc. ("Arnold") is an Indiana corporation that offers consulting services to corporations that design and manufacture motor homes, recreational vehicles, and manufactured housing. Arnold's consulting services typically involve review of structure plans and inspection of the structure during construction to determine whether it meets the applicable state and federal guidelines and whether it was built according to the manufacturer's plans. Sebring has used Arnold's consulting services in connection with some of the vehicles and homes it has manufactured.

On April 12, 1993, the United States filed a complaint for civil money penalties and injunctive relief against Sebring and Darlene and Martin Ornatowski, as individuals and officers of Sebring, for alleged violations of the National Manufactured Housing Construction and Safety Standards Act of 1974, 42 U.S.C. § 5401 *et seq.* (Cause No. 3:93–CV–248RM).

On April 28, 1994, Sebring and the Ornatowskis filed a complaint in Elkhart Circuit Court against Arnold, for indemnification for any amount for which they were found liable to the United States in the pending federal suit against them (Cause No. 3:94–CV–485). On June 14, 1994, Arnold filed a notice of removal in the state action. The next day, this court denied a motion to file a third-party complaint against Arnold in Cause No. 3:93–CV–248RM. Arnold then moved to consolidate Cause Nos. 94–485 and 93–248. Chief Judge Allen Sharp granted the motion to consolidate, but the United States filed an objection to the motion to consolidate, which this court construed as a motion to vacate the consolidation. This court granted the motion to vacate the consolidation, and Cause No. 93–248 proceeded without Arnold as a party.

In No. 93–248, a consent decree was filed April 12, 1995, granting judgment against Sebring in the amount of $96,000, and the clerk entered judgment against Sebring on April 13. In No. 94–485, the court held a scheduling conference on September 20, 1994 to establish discovery and motion deadlines. On July 10, 1995, the court set this cause for a three-day bench trial to begin December 4, 1995. On September 22, Arnold filed a motion to dismiss or to compel discovery, and award sanctions under Federal Rule of Civil Procedure 37(a)(4), alleging that the plaintiffs had not produced requested documents and interrogatory answers. On October 20, Arnold filed a supplement to its motion to compel discovery or dismiss, informing the court that the plaintiffs had produced the materials requested in the motion to compel, and asking the court to award it reasonable attorney's fees in connection with the discovery dispute.

On October 24, Arnold moved for summary judgment, accompanied by a motion for leave to file a dispositive motion since the deadline for dispositive motions had passed. The court granted Arnold's motion for leave to file the motion and, although they were granted an enlargement of time to respond, the plaintiffs did not file a response. Arnold filed a reply in support of its motion for summary judgment on November 27.

The court held a telephonic status conference in this cause on November 30. During that conference, the court vacated the bench trial scheduled to begin December 4, discussed with the parties its concerns regarding subject matter jurisdiction, and afforded the parties to and including December 11 within which to file any briefs on the issue of jurisdiction.

## II. SUBJECT MATTER JURISDICTION

Arnold's notice of removal claims that federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 because substantial questions of federal law exist. Arnold claims that federal question jurisdiction exists because: (1) Arnold was a certified "Production Inspection Primary Inspection Agency" ("IPIA") under the direction and control of the Secretary of Housing and Urban Development pursuant to 24 C.F.R. § 3282.362; (2) Arnold's duties as an IPIA were set forth in the Manufactured Homes Procedural and Enforcement Regulations (promulgated by the Secretary); (3) Sebring was required to contract with an IPIA under the regulations; (4) "by Plaintiffs' own admission in the Complaint, recovery against Arnold is contingent upon the Federal Court's interpretation of the Regulations and Arnold's actions thereunder"; (5) because Arnold's duties were controlled by the regulations, and "because recovery pursuant to the Complaint may not be granted without analyzing Arnold's performance in light of the Regulations,"; and (6) because Arnold was acting under and pursuant to the Secretary's directions, "a substantial nexus is established between the Secretary and the actions for which Arnold is being sued."

In its brief on the jurisdiction issue, Arnold argues that this court has jurisdiction over the plaintiffs' claims pursuant to 28 U.S.C. § 1331 because of the federal issues raised in

the complaint, and pursuant to the federal supplemental jurisdiction statute, 28 U.S.C. § 1367, because this matter is related to Cause No. 93–248. Arnold also argues that it would be prejudiced if the court remanded this cause so late in the proceedings, and while a dispositive motion is pending.

### A. *Removal and Supplemental Jurisdiction*

■ The court has the obligation to inquire into its own subject matter jurisdiction, *Market Street Associates Limited Partnership v. Frey*, 941 F.2d 588 (7th Cir.1991), and in the absence of subject matter jurisdiction, "the case shall be remanded." 28 U.S.C. § 1447(c). Removal of actions from state to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought.

Congress made the removal jurisdiction of the federal district courts coextensive with the federal district courts' original jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987); *Arkansas v. Kansas & Texas Coal Co.*, 183 U.S. 185, 189, 22 S.Ct. 47, 48, 46 L.Ed. 144 (1901) (removal proper where federal court would have original jurisdiction). Because there is no diversity of citizenship between plaintiffs and defendant, the defendant's ability to remove this case and this court's jurisdiction turn on the existence of federal question jurisdiction. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required.").

■ Arnold's continued attempts, now under the supplemental jurisdiction statute, to append this suit to the related suit, No. 93–248, does not affect this conclusion. Arnold argues that when this court denied the motion in No. 93–248 to add Arnold as a third-party defendant, and when this court vacated the consolidation, it did so based solely on reasons of undue delay and prejudice, and not because No. 94–485 lacked a proper jurisdictional basis. That the court did not *sua sponte* remand the case to state court is not, however, equal to a finding that jurisdiction exists.

■ More importantly, the denial of the motion to add Arnold as a third-party defendant in the related case foreclosed the possibility that the plaintiffs' claims in this action could be based on supplemental jurisdiction, because the claims are now part of a separate suit, and a removal petition may not base subject matter jurisdiction on the supplemental jurisdiction statute, 28 U.S.C. § 1367. In the removal statute, 28 U.S.C. § 1441, Congress provided for the removal of "any civil action brought in a State court of which the district courts of the United States have *original jurisdiction*." (emphasis added). The supplemental jurisdiction statute does not confer original jurisdiction on claims or suits. The supplemental jurisdiction statute, 28 U.S.C. § 1367, provides that:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

By its terms, § 1367 "contemplates supplemental jurisdiction arising only from claims within a single action." *USA One BV & USA Two BV v. Delmont Fire Protection Serv., Inc.*, No. 93–1320, 1993 WL 140514 (E.D.Pa. May 3, 1993). Section 1367 pro-

vides no original jurisdiction over a separate, but related suit, and so does not authorize removal from state court to federal court pursuant to § 1441. *In re Estate of Tabas*, 879 F.Supp. 464, 467 (E.D.Pa.1995) ("[T]he supplemental jurisdiction statute does not allow a party to remove an otherwise unremovable action to federal court for consolidation with a related federal action."); *Chase v. Auerbach*, No. 94–5892, 1994 WL 590588 (E.D.Pa. Oct. 26, 1994); *Holt v. Lockheed Support Sys., Inc.*, 835 F.Supp. 325, 329–30 (W.D.La.1993) ("Defendant's application of 28 U.S.C. § 1367 would impermissibly broaden this court's removal jurisdiction...."). *But see Cohen v. Reed*, 868 F.Supp. 489, 494 (E.D.N.Y.1994) (finding that § 1367 provided a source of removal jurisdiction beyond § 1441).[1] Further, the court finds no support for finding that the fleeting consolidation of this case with No. 93–248 was ever effective, since the court did not then have subject matter jurisdiction over this case, as discussed in the next section.

### B. Federal Question Jurisdiction

The burden of establishing the court's jurisdiction lies with the party asserting federal jurisdiction. *Doe v. Allied Signal, Inc.*, 985 F.2d 908, 911 (7th Cir.1993) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921)). Arnold claims that federal question jurisdiction exists pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction exists only where the federal question appears on the face of the plaintiff's properly pleaded complaint, *Cater-*

*pillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). Under this "well-pleaded complaint" rule, "federal law must create the cause of action, or some substantial, disputed question of federal law must be an element in the plaintiff's claim." *GNB Battery Technologies, Inc. v. Gould, Inc.*, 65 F.3d 615, 619 (7th Cir.1995) (quoting *Commercial Nat'l Bank v. Demos*, 18 F.3d 485, 488 (7th Cir.1994)); *see also Taylor v. Anderson*, 234 U.S. 74, 75–76, 34 S.Ct. 724, 724, 58 L.Ed. 1218 (1914) (holding anticipated defense cannot provide federal question jurisdictional basis); *Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913) ("[T]he party who brings a suit is master to decide what law he will rely upon.").

Analysis of the plaintiffs' claims reveals that they do not "arise under" federal law. The federal claim does not appear on the face of the plaintiffs' complaint. In the complaint, and in the plaintiffs' brief on the issue of jurisdiction, the plaintiffs explain the basis of their alleged right to recover: (1) Arnold holds itself out as an expert in assuring compliance with governmental regulations relating to construction of park model homes; (2) Sebring relied upon the alleged expertise and certification of compliance by Arnold; and (3) the plaintiffs are entitled to indemnification by Arnold for the money found owing to the United States. *See* Compl., ¶¶ 6, 7, 9; Plaintiffs' Brief on Issue of Jurisdiction, at 1–2. The plaintiffs claim a right to indemnification from Arnold for the plaintiffs' liability to the United States for the plaintiffs' violations of federal regulations—a state law indemnification claim that is not created by federal law.[2]

---

1. The *Cohen* case seems to support Arnold's petition for removal. As the court in *In re Estate of Tabas* stated, however, "we doubt that Congress sought to alter the rule that '[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.' *Caterpillar*, 482 U.S. at 392[, 107 S.Ct. at 2429]." *In re Estate of Tabas*, 879 F.Supp. 464, 467 (E.D.Pa.1995).

2. This is not a case where the plaintiff has attempted to "'deny a defendant his right to a federal forum by artfully disguising an essentially federal law claim in terms of state law.'" *Sluder v. United Mine Workers*, 892 F.2d 549, 556 (7th

Cir.1989) (quoting *Oglesby v. RCA Corp.*, 752 F.2d 272, 275 (7th Cir.1985)), *cert. denied*, 498 U.S. 810, 111 S.Ct. 45, 112 L.Ed.2d 21 (1990). The plaintiffs have not taken claims that are essentially federal in nature and dressed them up as state law claims to avoid federal jurisdiction; they simply assert claims based on state law. *See Saturday Evening Post Co. v. Rumbleseat Press, Inc.*, 816 F.2d 1191, 1195 (7th Cir.1987) ("The only significance we attach to the exception for cases where the plaintiff's right depends on an interpretation of federal law is the following: if the complaint is actually based on federal law, the plaintiff's effort to conceal this fact because he wants to prevent the defendant from remov-

█ Arnold has not convinced the court that the plaintiffs' claims rest on "some substantial, disputed question of federal law." *See GNB Battery Technologies, Inc. v. Gould, Inc.,* 65 F.3d at 619. Arnold argues that a state court would have to "review and interpret the National Manufactured Housing statute and regulations in order to determine whether Arnold had some responsibility to inspect these park model homes and whether there was an indemnification obligation stemming from the Sebring/Arnold Agreements," Defendant's Memorandum of Law on Supplemental Jurisdiction, at 2, and that it is an IPIA under the direction and control of the Secretary of Housing and Urban Development and has certain duties under the Secretary's regulations. *See* Notice of Removal, at 2–3. These factors, however, do not create subject matter jurisdiction. It is not enough that the parties' dispute has a connection to federal laws or regulations; the outcome of the case must turn on the validity or construction of federal law. *Franchise Tax Bd.,* 463 U.S. at 13, 103 S.Ct. at 2848; *see also Gully v. First Nat'l Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936) (For a claim to "arise under" federal law, an essential element of that claim must be a right created by the Constitution or laws of the United States, even if state law creates the cause of action.). Even if the court were to accept that this case involves an interpretation, as opposed to application, of any federal laws or regulations (which the court is reluctant to do, as Arnold has not specified any such laws or regulations), that involvement would be as part of Arnold's defense to the plaintiffs' state law claims. Arnold has not shown the existence of any substantial, disputed federal question,[3] and thus has not shown that the outcome of this case depends

upon the construction of federal law. No federal question jurisdiction exists in this case under 28 U.S.C. § 1331.

### C. Prejudice to Arnold

█ Arnold also argues that remanding this case will cause it serious prejudice. Though as Arnold noted in its brief, prejudice to a party may play a role in determining whether to join a party under Rule 14(c), the court has neither the power nor the discretion to "create" subject matter jurisdiction; it either exists or does not. Prejudice to Arnold would have been relevant only if the court had found that subject matter jurisdiction existed.

### III. ARNOLD'S MOTION TO DISMISS/COMPEL DISCOVERY/SANCTIONS

On September 22, Arnold filed its motion to dismiss or compel discovery, asking that the court either order the plaintiffs to produce certain documents and answers to interrogatories (request served July 28, 1995), or dismiss the plaintiffs' claims for their failure to respond to the defendant's request within the thirty days allowed under Federal Rule of Civil Procedure 33(b)(3). Arnold asked the court to either dismiss the complaint, or to compel discovery and award sanctions pursuant to Rule 37(a)(4). Arnold filed a supplement to that motion on October 20, informing the court that the plaintiffs had produced the documents and answered the interrogatories, and renewing the request for sanctions.

Federal Rule of Civil Procedure 37(a)(4) provides for sanctions in connection with motions to compel discovery:

If the motion is granted or if the disclosure or requested discovery is provided after

---

ing the case to federal court must not be allowed to succeed," citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 22, 103 S.Ct. 2841, 2852, 77 L.Ed.2d 420 (1983).).

3. Arnold argues that Sebring's liability to the United States for violations of the National Manufactured Housing Construction and Safety Standards Act is a disputed issue in this case. Sebring's liability, however, already has been established in No. 93–248. Even if Arnold were able to attack that conclusion, Arnold would be raising the issue of Sebring's liability in a defen-

sive manner; it does not exist on the well-pleaded complaint. *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 398–99, 107 S.Ct. 2425, 2432–33, 96 L.Ed.2d 318 (1987) ("The presence of a federal question ... in a *defensive argument* does not overcome the paramount policies embedded in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of a complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court.").

the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

 Arnold's attorney attempted in good faith to resolve the discovery dispute before filing the motion. *See* Certification of Kennard Weaver, filed September 22, 1995, ¶ 6. The plaintiffs had an "opportunity to be heard," but have not responded to the defendant's motion, *see* Notes of Advisory Committee on Rules, 1993 Amendments to Rule 37, subdivision (a)(4) ("[T]he court can consider such questions on written submissions as well as on oral hearings."), leaving the court unable to find that the plaintiffs' failure to produce documents and respond to interrogatories was substantially justified, or that any other circumstance would make imposing sanctions unjust.

The court therefore awards the defendant reasonable attorney's fees incurred in making the motion.[4] In light of this case's remand to state court, the court directs the defendant to file with the court the amount of attorney's fees requested within the next seven days.

4. The court's contemporaneous remand of this cause for lack of subject matter jurisdiction does not deprive the court of the authority to sanction the plaintiffs for their conduct while the case was pending in this court. *Willy v. Coastal Corp.*, 503 U.S. 131, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992) (court may impose Rule 11 sanctions even though later found to lack subject matter jurisdiction.); *Chemiakin v. Yefimov*, 932 F.2d 124, 126–129 (2d Cir.1991) (court had power to impose Rule 11 sanctions even when it lacks subject matter jurisdiction over the merits because the decision to sanction is collateral to the merits of the case); *Wojan v. General Motors Corp.*, 851

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS the defendant's motion for attorney's fees (filed September 22, 1995 (# 16)), directs the defendant to submit to the court the amount of those fees in the next seven days, and REMANDS this case to state court for further proceedings.

SO ORDERED.

F.2d 969, 972 (7th Cir.1988) ("[P]arties to a suit are not shielded from Rule 11 sanctions simply because the court lacks subject matter jurisdiction over the underlying case."); *Ilan–Gat Engineers, Ltd. v. Antigua Int'l Bank*, 659 F.2d 234, 239 (D.C.Cir.1981) ("Federal Rule of Civil Procedure 37(b)(2) authorizes the imposition of sanctions for failure to comply with discovery orders by the court in which an action is pending."); *Robinson v. Eng*, 148 F.R.D. 635, 642 n. 15 (D.Neb.1993) ("Like the imposition of Rule 11 sanctions, the imposition of a discovery sanction under Rule 37 is not a judgment on the merits of the action.").