**Eugene and Arvilla FRANKENBERG, Plaintiffs,**

v.

**SUPERIOR DISTRIBUTORS, INC., etc., et al., Defendants.**

**SUPERIOR DISTRIBUTORS, INC., Plaintiff,**

v.

**Gene FRANKENBERG, Defendant.**

**Nos. CA 96–0618–P–C; CA 97–0007–P–C.**

United States District Court, S.D. Alabama, Southern Division.

April 7, 1997.

---

Donald F. Pierce, Mobile, AL, W. Pemble DeLashmet, Pierce, Ledyard, Latta & Wasden, Mobile, AL, for Eugene Frankenburg, Arvilla Frankenburg.

Benjamin H. Brooks, III, Gillion, Brooks & Hamby, Mobile, AL, Stewart Leon Howard, Brooks & Hamby, P.C., Mobile, AL, for Superior Distributors, Inc.

Benjamin H. Brooks, III, Gillion, Brooks & Hamby, P.C., Mobile, AL, for Joseph Antoon.

## ORDER

PITTMAN, Senior District Judge.

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the recommendation to which objection is made, the recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) and dated 3/3/97, is ADOPTED as the opinion of this Court.

## REPORT AND RECOMMENDATION

CASSADY, United States Magistrate Judge.

Plaintiffs Eugene and Arvilla Frankenberg ("the Frankenbergs") filed an action in this Court on June 27, 1996 on the basis that there is complete diversity between the parties and the amount in controversy is greater than $50,000.00 (Complaint, Doc. 1). Defendants Superior Distributors, Inc., d/b/a Wet Set Water Entertainment and Joseph Antoon have filed two motions to dismiss or in the alternative to transfer (Docs. 8 & 21).[1] The

---

1. Although it may appear from reading the motions that only one unidentified defendant is seeking relief, since both defendants are represented by the same attorneys, any failure to ade-

last motion also contains a request that this Court issue a stay. As is the practice in this District all of Defendants' requests have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(13), Local Rule 26 and the Court's standing order of general reference.

Oral arguments on these motions have been received on two occasions, October 25, 1996 and January 13, 1997. After careful consideration of the motions, the briefs, the arguments presented by counsel, and independent research conducted by the undersigned, it is determined that defendants' motions to dismiss CIVIL ACTION NUMBER 96-0618-P-C should be **DENIED**; that the motions to transfer or stay this action should be **DENIED**; and that the state action filed by the defendant corporation should be **REMANDED** because this Court is without subject matter jurisdiction to hear the claims raised therein.

### Claims Presented by Plaintiffs

The Frankenbergs wanted a new pool liner installed in the pool at their home in Grand Bay, Alabama. They contracted with defendant Superior Distributors, Inc. d/b/a Wet Set Water Entertainment ("Wet Set"), a Mississippi corporation, to have the new liner installed. The contract was negotiated with Wet Set's agent, defendant Joseph Antoon, a resident of Mississippi.

During the installation, something went wrong that caused the sides of the pool to wash away destroying the pool. Plaintiffs claim that the damages to their pool are the result of the Defendants' negligent and wanton conduct (Complaint, Counts 1 & 2). Plaintiffs also claim that the actions of the defendants constitute a breach of their contract and that fraud was committed since

repairs to the pool were not performed as promised (*id.*, Counts 3 & 4).

The final two counts in the complaint (5 & 6) assert claims of abuse of process and malicious prosecution. These last two causes of action arise out of an action filed in the Circuit Court of Jackson County, Mississippi, against Eugene Frankenberg only.[2] Through removal to the United States District Court for the Southern District of Mississippi and then a transfer pursuant to 28 U.S.C. § 1404(a) this action is now pending in this Court as a separate action. The removed/transferred action has not been consolidated with the action herein even though the claims therein appear to constitute compulsory counterclaims pursuant to Rule 13(a), Federal Rules of Civil Procedure.

### Arguments for Dismissal and/or Transfer and/or Stay

In the first motion, Defendants make the argument that whenever actions between the same parties or their privies, relating to the same subject matter, are pending in different federal courts of concurrent jurisdiction, the court acquiring jurisdiction first should retain jurisdiction and dispose of the entire controversy. The problem with this argument, as was revealed during oral argument, is twofold. First, this Court acquired jurisdiction prior to a federal court's exercise of jurisdiction in Mississippi. The complaint in this action was filed on June 27, 1996 and the state action was removed to federal court in Mississippi on July 1, 1996.[3] Secondly, the actions do not involve the same parties or the same claims. It is therefore obvious that this general rule has not been violated, especially now that the federal court in Mississippi has transferred the removed state action to this Court.

---

2. The state action was filed on May 24, 1996 by Wet Set against Eugene Frankenberg claiming compensatory and punitive damages in the amount of $29,750.00. *Superior Distributors, Inc. ect. v. Frankenberg*, Civil Action No. 97-0007-P-C (S.D.Ala.1997). The complaint presents claims for breach of contract and for an unidentified "independent tort." (*Id.*, Notice of Removal, Exh. A). It was then removed to the United States District Court for the Southern

District of Mississippi and transferred here on December 4, 1996. (*Id.* Doc. 5).

3. It is assumed that this argument has been abandoned for at least two reasons. Defendants argue that the Southern District of Mississippi never had jurisdiction (Amended Motion to Transfer, Doc. 31); and the federal court in Mississippi has transferred the action to this Court pursuant to 28 U.S.C. § 1404(a) finding that this is a more convenient forum (CV 97-0007-P-C, Doc. 4).

quately identify the moving parties is considered a drafting mistake.

In the second motion to dismiss and/or transfer, as amended, defendants are asking that the Court transfer both actions, this action and the transferred state action, to the United States District Court for the Southern District of Mississippi in order for that court to take a second look at an issue that was pending before transfer but not ruled on, i.e. a motion to remand based on Plaintiffs' failure to show that the federal court in Mississippi had subject matter jurisdiction over the State action. (Civil Action No. 97–0007–P–C, Doc. 3).

### Plaintiffs' Response

The first response to the argument that this action should be dismissed or transferred in deference to a pending action in federal court in Mississippi for comity reasons was to agree with the general rule. Plaintiffs pointed out, however, that the application of the articulated general rule would mandate that the action remain in this District since it was the first federal court to exercise jurisdiction over the parties and their claims. In response to the argument that the present action should be transferred to Mississippi because the federal court in Mississippi never had jurisdiction over the state action removed from the Circuit Court of Jackson County, they argue that since the Frankenbergs had an action pending in this Court at the time of removal, supplemental jurisdiction existed pursuant to 28 U.S.C. § 1367(a) so as to allow their removal of the state action to federal court in Mississippi and then to have that court transfer the action to this Court.

### Discussion

#### A. Defendants' "Comity Concerns"

▇▇▇ The filing of the present action by the Frankenbergs was clearly an option that was open even though a related action had been filed by Wet Set in Mississippi. The Supreme Court has left no doubt as to the responsibility federal courts have to exercise their jurisdiction even if related actions are pending in a state court: "Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having

jurisdiction....' *McClellan v. Carland, supra,* 217 U.S. at 282, 30 S.Ct. at 505, 54 L.Ed., at 767. *See Donovan v. City of Dallas,* 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964)." *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); *see also Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988)(Party's decision to spurn removal of a state contract action and file a breach of contract action on the same contract in federal court did not meet exceptional circumstances test of *Colorado River.*). If related actions are pending in two federal courts, however, efforts will be made to avoid duplicative litigation. *Id.* (citations omitted). "This difference in general approach between state-federal concurrent jurisdiction and wholly federal concurrent jurisdiction stems from the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.*

As previously noted, at the time the Frankenbergs filed their action, parallel actions were not pending in federal forums. It was not until they removed the state action to federal court that both were in federal court. Before a ruling was obtained on the defendants' first motion to dismiss, the federal court in Mississippi decided that this District constituted a more convenient forum, a decision with which the undersigned completely agrees. Clearly the pendency of the state action at the time the present action was filed should not require either a dismissal of the present action or a transfer in deference to the state action.

Instead, the more difficult questions raised by these particular circumstances have to do with whether the federal action should be dismissed or stayed in order to conserve judicial resources and whether this Court has subject matter jurisdiction over the state action that has been removed. If the defendants are correct on their jurisdictional argument, that the Southern District of Mississippi never had jurisdiction over the removed state action, such a conclusion would require a remand of the state action and consideration of Defendants' request for a stay. Since the undersigned is in agreement with

Defendants on their jurisdictional argument, as will be discussed herein, the question of whether a stay is appropriate is also discussed.

### B. Dismissal or Stay Based on Related State Action.

In general, there are no rules that prevent the progression of duplicative actions in state and federal courts. Erwin Chermerinsky, *Federal Jurisdiction*, p. 762 (2nd ed.1994). This general rule is subject to limited exceptions, one being when the conservation of judicial resources counsels federal courts to defer to state court and stay their proceedings. "[T]he circumstances permitting the dismissal [or stay] of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention [however]. The former circumstances, though exceptional, do nevertheless exist." *Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1246.[4] "Thus, under current law, the only way to avoid duplicative litigation is for the federal court to stay or dismiss its proceedings and allow the state court action to continue." Chermerinsky, *supra*.

■ The Eleventh Circuit, following Supreme Court decisions, has identified six factors that should be considered when a party seeks a dismissal or stay due to the pendency of a related action in state court: (1) whether one of the courts has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the potential for piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal or state law will be applied; and (6) the adequacy of each forum to protect the parties' rights. *Noonan South, Inc. v. Volusia County*, 841 F.2d 380, 381 (11th Cir.1988). "The most important requirement underlying a district court's analysis of whether there exist exceptional circumstances sufficient to warrant dismissal is that the circumstances

be exceptional. By considering and balancing the six factors enumerated by the Supreme Court, a district court will be able to identify when the circumstances are exceptional." *Id.* at 382 (emphasis in original).

■ In this case, neither the Defendants nor the Plaintiffs made an attempt to specifically focus on these six factors although one or more may have been raised without citation to the *Colorado River* line of cases. This failure will not delay the undersigned's decision, however, since it is clear that the present circumstances do not counsel dismissal of the Frankenbergs' claims or a stay of their action.

The first factor is inapplicable, as neither court has assumed jurisdiction over any property. The second and third factors, which focus on the convenience of the forums, do not favor dismissal. The District Court in Mississippi has already determined that the Southern District of Alabama is a more convenient forum. This opinion is shared by the undersigned. Also, all parties and claims are not before the state court in Mississippi, nor have the Defendants shown that all claims could be resolved in that forum. On the other hand, the parties agreed during oral argument that the claims raised in state court against Eugene Frankenberg are compulsory counterclaims to the action filed in this Court. Their adjudication in this Court, if asserted by the Defendants, is assured.

The fourth factor has to do with the order in which each court obtained jurisdiction. As the Eleventh Circuit has explained, this factor, "does not turn on which complaint was filed first. Instead, it is measured 'in terms of how much progress has been made in the two actions.' *Moses H. Cone*, 460 U.S. at 21, 103 S.Ct. at 940." *Noonan South* at 382. Although the federal action was filed after Wet Set filed its action in state court, it is clear that this action has progressed farther along the path to resolution since the state

---

4. The standards articulated by the Supreme Court for considering whether to dismiss a federal action due to the pendency of a related state action are the same for deciding a request to stay the federal action. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 27–28, 103 S.Ct. 927, 943, 74 L.Ed.2d 765 (1983); *First National Bank of Atlanta v. Licari*, 706 F.Supp. 876, 878 (N.D.Ga.1988).

action was removed and now is pending in this Court.

The fifth and sixth factors have to do with the law to be applied and the adequacy of the forums to protect the rights of the parties. It is clear that substantive state law will control the resolution of all claims in both actions although the specific state law applicable is not presently known. The actions involve familiar tort and contract claims which are not considered complicated issues. Whether a court is required to apply the laws of Alabama or Mississippi probably will not make much difference. The final factor is neutral since the parties have not voiced any concern that either forum would be unable to protect the rights of the parties.

■ "The dismissal of an action in deference to parallel state proceedings is an extraordinary step that should not be undertaken absent a danger of a serious waste of judicial resources. As the Supreme Court stated in *Moses H. Cone:*

> [O]ur task in cases such as this is not to find some substantial reason for the exercise of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction. 460 U.S. at 25–26, 103 S.Ct. at 942 (emphasis in original)."

*Noonan South* at 382. Defendants have clearly failed to meet this burden. Accordingly, their motion for a dismissal of this action or alternatively for a stay should be denied in its entirety.

### C. Federal Jurisdiction.

■ The question presented in this action as to jurisdiction is narrow: May a plaintiff in a federal diversity action pending in the United States District Court for the Southern District of Alabama remove a state action pending in the Circuit Court of Jackson County, Mississippi, a state forum located in the Southern District of Mississippi, on the basis that supplemental jurisdiction over the state claims exists pursuant to 28 U.S.C. § 1367? Because I agree with those courts that have decided this question in the nega-

tive, it is determined that this Court does not have subject matter jurisdiction over the claims filed by Wet Set in the Circuit Court of Jackson County, Mississippi.

■ The claims filed by Wet Set are for breach of contract and an unspecified tort arising out of the performance of the contract at issue. The plaintiff is not asking for damages in an amount greater than $50,-000.00. Although punitive damages have been claimed, total damages have been limited to $29,750.00 ($4,750.00 compensatory and $25,000.00 punitive) in the *ad damnum* clause. Thus, a federal question (28 U.S.C. § 1331) has not been plead nor has a claim been asserted between the diverse parties in an amount greater than $50,000.00 (28 U.S.C. § 1332). The action could not have been originally filed in federal court, a finding that prohibits removal. *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."); *see also Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994)("Because removal is only permissible when plaintiff's claim could have been filed in federal court originally, we must look to plaintiff claim to determine whether removal was appropriate.").

In this case, Plaintiffs do not take issue with the obvious, that neither federal question or diversity jurisdiction existed in the state action at the time of removal. Their argument is one of judicial economy and the application of supplemental jurisdiction available pursuant to 28 U.S.C. § 1367. Such an application of supplemental jurisdiction could have broad applicability if Plaintiffs' position is correct. In this case, it would allow the removal of an otherwise nonremovable action to federal court in Mississippi and then through application of 28 U.S.C. § 1404(a) have the action transferred to this Court where their related complaint was filed. If the transferred action is then consolidated with the pending federal action, consolidation of a related state action will have been accomplished without having to risk that the pending state action would proceed to judg-

ment first which could bind the parties according to *res judicata* principles.

"The supplemental-jurisdiction statute, which became law in 1990, Pub.L. 101–650, Title III, § 310(a), 104 Stat. 5113 (1990), and codified pendent and much of ancillary jurisdiction, *Peacock v. Thomas,* 516 U.S. ——, —— n. 5, 116 S.Ct. 862, 867 n. 5, 133 L.Ed.2d 817 (1996); *Swint v. Chambers County Comm'n,* 514 U.S. 35, 48 n. 6, 115 S.Ct. 1203, 1211 n. 6, 131 L.Ed.2d 60 (1995), states:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, *in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.* Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties. (b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367 (a, b, c) (1993) (emphasis added)."

*Ahearn v. Charter Township of Bloomfield,* 100 F.3d 451, 454 (6th Cir.1996). To accept Plaintiffs' basis for establishing subject matter jurisdiction, in my opinion, would extend the doctrine of supplemental jurisdiction too broadly as discussed by the Sixth Circuit:

The supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, *In re Estate of Tabas,* 879 F.Supp. 464, 467 (E.D.Pa.1995), and a removal petition therefore may not base subject-matter jurisdiction on the supplemental-jurisdiction statute, *Sebring Homes Corp. v. T.R. Arnold & Assocs.,* 927 F.Supp. 1098, 1101 (N.D.Ind.1995); *Zewe v. Law Firm of Adams & Reese,* 852 F.Supp. 516, 520 (E.D.La.1993) ("a district court does not have supplemental jurisdiction under 28 U.S.C. § 1367 to entertain the merits of claims in a state court proceeding which was removed without original jurisdiction"); *Holt v. Lockheed Support Sys., Inc.,* 835 F.Supp. 325, 329 (W.D.La.1993); *In re Dow Corning Corp.,* 187 B.R. 934, 938 (E.D.Mich.1995) ("Claims ... before a state court must not be removed ... if the only basis for removal is ... § 1367(a)."); *cf. Avitts v. Amoco Prod. Co.,* 53 F.3d 690, 693 (5th Cir.1995) (§ 1367(c)(3) did not apply where the district court never had original jurisdiction); *Parker v. Crete Carrier Corp.,* 914 F.Supp. 156, 159 (E.D.Ky.1996) ("Supplemental jurisdiction cannot destroy the requirement for complete diversity ...."(citations omitted)), even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction, *Sebring Homes,* 927 F.Supp. at 1101–02 (citations omitted); *Estate of Tabas,* 879 F.Supp. at 467 (citation omitted), and even if removal would be efficient. *Estate of Tabas,* 879 F.Supp. at 467.

*Ahearn,* at 456.

Although Plaintiffs make the argument that they did not rely on § 1367 for establishing original jurisdiction pursuant to 28 U.S.C. § 1441, they cannot escape the fact that this was the only basis for removal cited in their petition. Diversity jurisdiction was certainly not evident from the face of the

complaint filed in state court. Relying on the well reasoned arguments of the Sixth Circuit and the other cases cited in *Ahearn, supra,* it is determined that subject matter jurisdiction is lacking in *Superior Distributor Inc. v. Frankenberg,* CIVIL ACTION NUMBER 97–0007–P–C. That action should therefore be remanded to state court pursuant to 28 U.S.C. § 1447(c).

Even if it is ultimately determined by the Supreme Court that this assessment of the reach of supplemental jurisdiction is incorrect, the question of jurisdiction is presently in doubt, another reason for deciding to remand these state law claims. *Burns, supra,* at 1095.

### Conclusion

The motions to dismiss or in the alternative for a stay or transfer are due to be **DENIED** because defendants have not shown that exceptional circumstances exist to warrant such a drastic action. In reviewing the removed state action for subject matter jurisdiction and finding none, it is determined that CIVIL ACTION NUMBER 97–0007–P–C should be **REMANDED** to the County Court of Jackson County, Mississippi. It is so recommended.

The attached sheet contains important information concerning objections to this report and recommendation.

*MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT*

1. *Objection.* Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith,* 855 F.2d 736, 738 (11th Cir.1988); *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc* ). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in Local Rule 26(4)(b), which provides that:

> Any party may object to a magistrate judge's proposed findings, recommendations or report made under 28 U.S.C. § 636(b)(1)(B) within ten (10) days after being served with a copy thereof. The appellant shall file with the Clerk, and *serve on the magistrate judge* and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his discretion or where required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

A Magistrate Judge's recommendation cannot be appealed to a Court of Appeals; only the District Judge's order or judgment can be appealed.

2. *Transcript (applicable Where Proceedings Tape Recorded).* Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.