Edward GEORGE, et al.

v.

**BORDEN CHEMICALS AND PLASTICS OPERATING LIMITED PARTNERSHIP and Borden Chemicals and Plastics Management, Inc.**

Civil Action No. 96–3137–A.

United States District Court, M.D. Louisiana.

March 31, 1997.

Gladstone N. Jones, III, Randall A. Smith, L. Tiffany Hawkins, Andrew L. Kramer, Smith, Jones & Fawler, New Orleans, LA, for Plaintiffs.

Ernest L. Edwards, Jr., Albert H. Hanemann, Jr., Kenneth M. Klemm, Lemle & Kelleher, L.L.P., New Orleans, LA, for Defendants.

1. This action was initially pending in Section B of the Middle District of Louisiana. By order dated March 21, 1997, the action was transferred to this section.

2. Defendants in this action are Borden Chemicals and Plastics Operating Limited Partnership

## RULING ON MOTION TO REMAND

JOHN V. PARKER, Chief Judge.

This matter is before the court on a motion by plaintiffs to remand.[1] Defendants oppose the motion. This court heard oral argument on this motion on March 21, 1997. Removal jurisdiction is allegedly based on 28 U.S.C. § 1331.

### Background

Plaintiffs are owners of property located adjacent to the Borden[2] plant in Geismar, Louisiana. Plaintiffs filed this action in the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana claiming damages to their person and property from an alleged release of hazardous and/or toxic substances from Borden's Geismar facility.

In a separate matter, the United States of America, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA") filed suit against Borden Chemicals and Plastics Operating Limited Partnership, Borden Chemicals and Plastics Limited Partnership and Borden Chemicals and Plastics Management, Inc. in the matter entitled "United States of America, et al. v. Borden Chemicals and Plastics Operating Limited Partnership, et al." Civil Action No. 94–440 consolidated with Civil Action No. 94–2592. (hereinafter "the enforcement action"). The United States seeks civil penalties and injunctive relief for defendants' alleged failure to comply with various provisions of the following environmental statutes: the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901 et seq., the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") 42 U.S.C. § 9601 et seq., and the Clean Air Act, 42 U.S.C. § 7401 et seq.

Some of the landowners sought intervention in the enforcement action before Judge Mentz, to whom this case was assigned previously. Judge Mentz permitted the landown-

(identified in the state court petition as a **corporation**) and Borden Chemicals and Plastics Management, Inc. Since defendants have not claimed diversity of citizenship as a basis for federal jurisdiction we are not concerned with citizenship of the parties.

ers a limited intervention to assert only a claim under 42 U.S.C. § 6972(a)(1)(B).[3]

On June 4, 1996, defendants filed a notice of removal of this action alleging that "plaintiffs' Petition for Damages presents a federal question which may be properly removed to this court." On July 3, 1996, plaintiffs moved to remand arguing that because plaintiffs' petition relies exclusively upon state law, removal jurisdiction is improper.

## Law

The applicable removal statute states:

> Except as otherwise expressly provided by Act of Congress, *any civil action brought in a State court of which the district courts of the United States have original jurisdiction,* may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a) (emphasis added).

Congress made the removal jurisdiction of the federal district courts coextensive with the federal district courts' original jurisdiction. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). The issue reduces, therefore, to whether the district court had "original jurisdiction" over this matter. Defendants do not assert that original diversity jurisdiction exists. Defendants only assert that this court has original jurisdiction over this matter based on either (1) federal question jurisdiction, i.e. the complaint presents a federal question, or (2) supplemental jurisdiction. Each asserted basis of removal jurisdiction will be addressed respectively.

3.  42 U.S.C. § 6972(a)(1)(B) allows injunctive relief when the defendant's actions present an imminent and substantial endangerment to the public health and environment.

4.  Plaintiffs' state court petition asserts "[d]efendants are also liable to plaintiffs for its (sic) creation of a nuisance due to the emissions from the facility, both permitted and/or in excess of its (sic) permit, pursuant to the provisions of article 667–669 of the Louisiana Civil Code." Plaintiffs

## Discussion

### A. Federal Question Jurisdiction

To support removal, the defendant bears the burden of establishing federal jurisdiction over the state court suit. *Carpenter v. Wichita Falls Independent School District,* 44 F.3d 362, 365 (5th Cir.1995). Removal under § 1441(b) is appropriate only for those claims within the federal question jurisdiction of the district courts, that is, for those actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

■ A case "arises under" federal law when a "right or immunity created by the Constitution or laws of the United States [is] an element, and an essential one, of the plaintiff's cause of action." *Franchise Tax Bd. v. Const. Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). If, however, the state law creates the cause of action, the court must determine whether the plaintiff's demand "necessarily depends on resolution of a substantial question of federal law." *Id.*

■ Defendants argue that the court does have original federal question jurisdiction over the state court complaint because it includes "disguised claims" for injunctive relief and that the claim for injunctive relief conflicts with the remedy sought in the enforcement action under the RCRA.[4] More specifically, defendants argue that the disguised claim for injunctive relief is preempted because it would conflict with the order approved by the Louisiana Department of Environmental Quality, as the delegated agent of EPA to carry out the RCRA program in Louisiana.[5]

seek monetary damages as well as "all other orders necessary in these proceedings."

5.  Claims asserted in state court, no matter how they are characterized by the plaintiff, are removable to federal court where the claims are "necessarily federal in character by virtue of the clearly manifested intent of Congress." *Gilbreath v. Guadalupe Hosp. Foundation Inc.,* 5 F.3d 785 (5th Cir.1993) citing *Brown v. Southwestern Bell Telephone Co.,* 901 F.2d 1250, 1254 (5th Cir.1990).

Defendants argument lacks merit for two reasons. First, although the issue is not raised by plaintiffs, the Louisiana Department of Environmental Quality order does not enjoy rights of supremacy with the same preemptive effect as federal statutes and federal regulations. Though the EPA has tacitly approved the Louisiana order, the EPA, itself, has not entered into a consent order with defendants.[6]

Second, even assuming that the plaintiffs' complaint makes a claim for injunctive relief, defendants fail to demonstrate that any injunctive relief *requested* by plaintiffs would conflict with the remedial measures selected by the Louisiana Department of Environmental Quality order. Plaintiffs petition merely seeks monetary damages as well as "all other orders necessary in these proceedings." Such a general request does not stand as an obstacle to any request by the EPA for injunctive relief so as to create a conflict.

## B. Supplemental Jurisdiction

■ Defendants argue that the parallel federal suit (the enforcement action) enables this court to assert supplemental jurisdiction over the state law action.[7] According to defendants, the state and federal claims in both this action and the enforcement action form part of the same case or controversy because they "derive from a common nucleus of operative fact," and, thus, supplemental jurisdiction exists.

The supplemental jurisdiction statute, 28 U.S.C. § 1367, became law in 1990 and codified pendent and much of ancillary jurisdiction. *Peacock v. Thomas,* 516 U. ——, —— n. 5, 116 S.Ct. 862, 867 n. 5, 133 L.Ed.2d 817 (1996). *Swint v. Chambers County Comm'n,* 514 U.S. 35, 48 n. 6, 115 S.Ct. 1203, 1211 n. 6, 131 L.Ed.2d 60 (1995). The supplemental jurisdiction statute states:

[e]xcept as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve joinder or intervention of additional parties. 28 U.S.C. § 1367(a).

Defendants blur the distinction between the jurisdictional elements of section 1367 and the removal elements of section 1441. The removal statute allows removal only of a "civil action brought in a State court of which the district courts of the United States have *original jurisdiction ...*" (emphasis added). The supplemental jurisdiction is not a source of original jurisdiction. *Ahearn v. Charter Township of Bloomfield,* 100 F.3d 451, 456 (6th Cir.1996) and the cases cited therein. The rationale for this holding is best explained by the district court in *In re Estate of Tabas,* 879 F.Supp. 464 (E.D.Pa.1995):

[s]ection 1367 allows plaintiffs to bring federal claims in federal court even though combined with state-law claims that would not otherwise be within the federal court's jurisdiction. The statute is not, however, an independent source of removal jurisdiction. To remove the Petition from state court to federal court, [defendants] must first find a federal claim in the Petition itself. An already-existing federal action cannot provide the mechanism for removal of a non-removable state-court action. *Id.* at 467.

Like the defendant in *Tabas,* defendants in this action quote *Cohen v. Reed,* 868 F.Supp. 489, 494 (E.D.N.Y.1994), to support defendants' construction of section 1367. In *Cohen,* the plaintiff filed a RICO action in federal court and a state court action in state

---

6. See *Feikema v. Texaco, Inc.* 16 F.3d 1408 (4th Cir.1994) (holding that EPA's consent order under section 7003 preempts state law trespass and nuisance actions).

7. Defendants also assert that by electing to simultaneously pursue a parallel federal suit,

plaintiffs have somehow endowed their state suit with a sufficient federal character to support removal. This argument has been specifically rejected by the Fifth Circuit in *Carpenter v. Wichita Falls Independent School Dist.,* 44 F.3d at 369.

court. The defendant removed the state court action and the plaintiff moved to remand. Though dicta because the district court remanded the action on other grounds, the court concluded that section 1367 is itself a source of removal jurisdiction over and beyond section 1441. Recognizing that the Circuits are still interpreting the precise scope of section 1367, the court in *Tabas* rejected the *dicta* in the Cohen decision and stated:

> we doubt that Congress sought to alter the rule that "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc.* supra, 482 U.S. at 391, 107 S.Ct. at 2429.

Because the defendants have failed to find a federal claim in the state court petition itself and because defendants' removal petition may not base subject matter jurisdiction on the supplemental jurisdiction statute, this court lacks subject matter jurisdiction over this action. Plaintiffs' motion to remand is hereby GRANTED and this action will be remanded to the 23rd Judicial District Court for the Parish of Ascension, Louisiana.[8]

---

8. It should be noted, as the Court pointed out in *Carpenter v. Wichita Falls Independent School Dist.*, 44 F.3d 362, 371 (5th Cir.1995), that once either of these two suits comes to judgment, the other may be barred by *res judicata* or issue preclusion.