Tonya L. TAFURI, individually and as Personal Representative of the Estate of Nicholas Tafuri, deceased, and on behalf of Christine Tafuri, an individual and Rick Tafuri, an individual; Susan A. Williams, individually and as Personal Representative of the Estate of Donnie R. Williams, deceased and as mother and natural guardian of Rendy L. Williams, a minor, Donnie L. Williams, a minor, and Melissa A. Williams, a minor; and American Airlines, Inc. as assignee of Meridian Trust Company and as assignee and subrogee of Wilmington Trust Company, Plaintiffs,

v.

JEPPESEN SANDERSON, INC., and Honeywell, Inc., Defendants.

No. 98–127–CIV.

United States District Court, S.D. Florida.

Aug. 27, 1998.

Howard Barwick, Barwick Dillian et al., Miami FL, George A. Manfredi, Sullivan Johnson & Manfredi, Miami FL, for plaintiffs.

William G. Burd, Burd Downs & Magathan, Miami FL, for Jeppesen–Sanderson.

Richard M. Dunn, Bilzin Sumberg et al., Miami FL, for Honeywell.

## ORDER OF REMAND

HIGHSMITH, District Judge.

THIS CAUSE came before the Court upon Plaintiff American Airlines, Inc.'s ("American Airlines") motion for application of federal common law or, in the alternative, for remand, filed pursuant to the Order Requiring

Supplemental Briefs Regarding Subject Matter Jurisdiction, issued on June 12, 1998. For the reasons stated below, the Court has determined that it lacks subject matter jurisdiction over this case and remands it to state court.

## PROCEDURAL BACKGROUND

This action was brought by American Airlines and by the personal representatives of the estates of the two pilots of American Airlines Flight 965, which crashed near Cali, Colombia on December 20, 1995, against Defendants Jeppesen–Sanderson, Inc. ("Jeppesen") and Honeywell, Inc. ("Honeywell"). The defendants provided flight management data and equipment aboard Flight 965. The personal representatives of the pilots' estates, who asserted wrongful death claims against Jeppesen and Honeywell, have settled their cases. Therefore, the only remaining portion of the action consists of American Airlines' claims against Jeppesen and Honeywell for damages to the aircraft and engines ("the hull suit"). The claims against Jeppesen are:

Count I: Negligence
Count II: Strict liability
Count III: Intentional misrepresentation
Count IV: Negligent misrepresentation
Count V: Fraudulent concealment

The claims against Honeywell are:

Count VI: Negligence
Count VII: Strict liability
Count VIII: Intentional misrepresentation
Count IX: Negligent misrepresentation
Count X: Fraudulent concealment

The plaintiffs commenced the action in Florida's circuit court. Jeppesen and Honeywell removed on the basis of federal question jurisdiction by invoking the application of federal common law to the case, specifically, international comity, the Act of State Doctrine and the doctrine of sovereignty over national airspace reflected in the Chicago Convention.[1] Thereafter, both Jeppesen and Honeywell moved to dismiss all of the counts against each of them, as barred by Florida's economic loss rule. Alternatively, Jeppesen and Honeywell sought dismissal of the fraud-based claims for failure to comply with Fed.R.Civ.P. 9(b).

In its June 12, 1998 order requiring further briefing of the jurisdictional issue, the Court took notice of Jeppesen and Honeywell's pending motions to dismiss. The Court further noted that, in its response to the defendants' motions, American Airlines had requested that the Court not consider the motions "unless it first decides that it has subject matter jurisdiction." In raising the issue of subject matter jurisdiction in the context of defendants' motions to dismiss, American Airlines acknowledged that it had not moved to remand, in the belief that the hull suit should be governed by federal common law. Due to the threshold nature of the jurisdictional issue, the Court ordered the parties to squarely address the question of whether this case was properly removed.

In their supplemental briefs, the parties have now crystalized their respective positions regarding subject matter jurisdiction. American Airlines invokes the Court's federal question jurisdiction by arguing that federal common law applies to its tort-based claims for damages to the aircraft hull and engines against Jeppesen and Honeywell. As it did in connection with its contribution claims against Jeppesen and Honeywell, American Airlines advocates the development and application of a federal common law for aviation accidents.[2] Alternatively, if federal question jurisdiction predicated on the application of federal common law is not found, American Airlines moves to remand this action to state court. Jeppesen and Honeywell oppose the development and application of a federal common law of aviation accidents. Rather, they invoke the Court's federal question jurisdiction by arguing that elements of the federal common law of foreign relations are drawn into question by American Airlines' hull suit claims. Alternatively, Jeppes-

---

1. The parties agree that diversity jurisdiction does not provide an alternative basis for removal because American Airlines, Jeppesen and Honeywell are all Delaware corporations.

2. American Airlines acknowledges, as it must, that this Court has rejected its previous arguments regarding the necessity for developing a body of federal common law relating to aviation accidents. The Court addresses American Airlines' arguments again in this order.

en and Honeywell argue that the Court has supplemental jurisdiction over this action, based upon its original jurisdiction over related and consolidated cases in this multidistrict litigation.

## DISCUSSION

In its recent decision in *Rivet v. Regions Bank of La.*, 522 U.S. 470, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998), the United States Supreme Court has set forth, in clear and concise terms, the considerations governing removal of actions on the basis of federal question jurisdiction. As articulated by the Supreme Court, "We have long held that the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet*, 522 U.S. at ——, 118 S.Ct. at 925 (citations omitted). The Supreme Court adds, "Allied as an 'independent corollary' to the well-pleaded complaint rule is the further principle that a plaintiff may not defeat removal by omitting to plead necessary federal questions. If a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint. The artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim. Although federal preemption is ordinarily a defense, once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state-law claim is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.* (citations omitted).

With these precepts in mind, the Court examines the parties' respective arguments that removal of this action was proper due to the existence of federal question jurisdiction. The Court first addresses American Airlines' proposition that its claims against Jeppesen and Honeywell are governed by federal common law. Applying the well-pleaded complaint rule, the Court finds no federal question on the face of American Airlines' complaint. The complaint consists of five common law tort-based claims against Jeppesen and five identical claims against Honeywell, seeking damages for the loss of property. Moreover, the complaint alleges no facts that would dictate the application of "federal common law", rather than "state common law", to these claims.

As previously noted, earlier in this litigation, American Airlines argued for application of federal common law to its contribution claims against Jeppesen and Honeywell. In its Order Denying Third Party Defendants' Motions for Summary Judgment, issued on February 25, 1998, the Court found serious flaws with American Airlines' posture. One such shortcoming was that the "applicable federal common law" invoked by American Airlines was essentially derived from a single case, *Kohr v. Allegheny Airlines, Inc.*, 504 F.2d 400 (7th Cir.1974), *cert. denied sub nom, Forth Corp. v. Allegheny Airlines, Inc.*, 421 U.S. 978, 95 S.Ct. 1980, 44 L.Ed.2d 470 (1975). In *Kohr*, the Seventh Circuit declared a need for "a federal rule of contribution and indemnity governing mid-air collisions." *Id.* at 403. The court perceived a "predominant, indeed almost exclusive, interest of the federal government in regulating the affairs of the nation's airways", *id.*, as justification for adopting such a rule. According to the court, adopting a uniform federal rule would also eliminate "inconsistency of result in similar collision occurrences as well as within the same occurrence due to the application of differing state laws on contribution and indemnity." *Id.* Having determined the need for establishing a "federal rule of contribution and indemnity", the court went on to formulate such a rule by basing contribution and indemnity on comparative negligence.

However, the *Kohr* court's perceived need for creating a uniform body of federal law governing contribution and indemnity in aviation cases has not been echoed by other federal courts. In *Overseas Nat'l Airways, Inc. v. United States*, 766 F.2d 97 (2d Cir. 1985), for example, the Second Circuit rejected the United States' request for the creation and application of "a federal common law rule of decision that would govern whenever

the United States seeks contribution from a joint tortfeasor in an aircraft accident case." *Id.* at 100. The *Overseas* court found the arguments of the United States persuasive but concluded that it was not free to create such a federal rule of contribution in light of the provisions of the Federal Tort Claims Act and applicable Supreme Court precedent. *Id.* Specifically, the *Overseas* court cited *Executive Jet Aviation, Inc. v. City of Cleveland,* 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972), for the proposition that "the Supreme Court warned that federal courts must be extremely cautious in creating federal law that preempts traditional state law causes of action." *Id.* at 100–01.

Heeding this warning, this Court declined American Airlines' earlier invitation to apply "federal common law" to the contribution claims in this litigation and to rely upon *Kohr v. Allegheny* as the source of the "applicable federal common law." American Airlines' present argument, that federal common law should govern its tort-based claims for the destruction of Flight 965's aircraft hull and engines, suffers from the same infirmity; i.e., federal courts, other than the Seventh Circuit, have abstained from crafting a federal common law to govern aviation accidents. The problems with the present argument, however, run even deeper. American Airlines does not even point to a source for the contents of the federal common law it seeks to apply to its hull suit against Jeppesen and Honeywell. Therefore, the Court once again declines American Airlines' invitation to formulate and apply a federal common law of aviation accidents.[3]

■■■ Jeppesen and Honeywell offer the Court a different premise for the exercise of federal question jurisdiction over this case. According to Jeppesen and Honeywell, the crash of Flight 965 implicates actions by the government of Colombia. To the extent that Jeppesen and Honeywell may argue comparative fault on the part of the Colombian government or its traffic controllers, they are only pointing to a defense, which, under the clear language of *Rivet,* does not provide a predicate for the exercise of federal question jurisdiction. Jeppesen and Honeywell, however, attempt to avoid this pitfall by characterizing the purported actions of Colombia's government as necessarily implicated in American Airlines' claims. From this proposition, Jeppesen and Honeywell draw the conclusion that elements of the federal common law of foreign relations, such as international comity, the Act of State Doctrine and the doctrine of national sovereignty over airspace reflected in the Chicago Convention, must play a role in the hull suit. Yet, the exercise of removal federal question jurisdiction requires more than implications drawn from a complaint; it requires the assertion of a federal question on the face of the plaintiff's properly pleaded complaint or the complete preemption of plaintiff's state-law claims by federal law. *Rivet,* 522 U.S. at ——, 118 S.Ct. at 925. Neither of these requirements are met in this case. *See Pacheco de Perez v. AT & T Co.,* 139 F.3d 1368, 1376–78 (11th Cir.1998) (rejecting a similar attempt to repose federal question jurisdiction upon the potential involvement of a foreign country's sovereign interests).

Jeppesen and Honeywell principally rely for their argument on *Kern v. Jeppesen Sanderson, Inc.,* 867 F.Supp. 525 (S.D.Tex. 1994). A review of that decision reveals some similarities with American Airlines' hull suit, but also some important differences. *Kern* involved three consolidated cases arising from two separate airplane crashes. Like the crash of Flight 965, which occurred over Colombia, the *Kern* crashes occurred over the territory of a foreign country, Nepal. Unlike Flight 965, which was operated by an airline based in the United States, the *Kern* crashes involved flights by foreign airlines, namely, Pakistan International Airways and Thai Airways International. The *Kern* court found federal question jurisdiction because the plaintiff's wrongful death claims "raise[d] questions of foreign relations which are incorporated into federal common law." *Kern,* 867 F.Supp. at 531. The *Kern* court observed that the "consolidated cases involve[d] foreign-built aircraft, flown by foreign air-

---

3. As an alternative argument in support of the application of federal common law, American Airlines points to Jeppesen and Honeywell's reliance on *Kern v. Jeppesen Sanderson, Inc.,* 867 F.Supp. 525 (S.D.Tex.1994). The Court discusses *Kern* in connection with Jeppesen and Honeywell's arguments.

lines, over foreign airspace, that crashed in a foreign country." *Id.* at 532. From these facts, the court inferred that, "The interests these foreign sovereigns have in regulating their aircraft, airlines and airspace outweighs any interest the United States may have in applying its own air safety regulations to [the] defendants." *Id.* The "substantial" nature of such foreign interests, the court concluded, provided a basis for the exercise of federal question jurisdiction over the consolidated cases. *Id.* As previously noted, a significant difference between *Kern* and American Airlines' hull suit is the involvement of foreign airlines in the former and not in the latter. Thus, the *Kern* court's sweeping statement regarding foreign interests does not ring quite true for this case. Moreover, consideration of foreign interests was just one of several grounds upon which the *Kern* court found it proper to exercise subject matter jurisdiction. An alternative, and more solid, basis was provided by the Foreign Sovereign Immunities Act, due to the foreign sovereign status of the aircraft manufacturer, Airbus. *Id.* at 529–31. No such alternative grounds are present in this case. Finally, it is not clear that the *Kern* court's jurisdictional analysis would pass muster under the narrow removal parameters reinforced by the United States Supreme Court in *Rivet.* Therefore, this Court declines to import the reasoning of *Kern* to this action.

■ Jeppesen and Honeywell also suggest the exercise of supplemental jurisdiction over American Airlines' hull suit, utilizing as a predicate this Court's original jurisdiction over consolidated and related actions in the multidistrict litigation captioned MDL–1125, In re Air Crash Near Cali, Colombia, on December 20, 1995.[4] In *Simcox v. McDermott Int'l, Inc.,* No. H–92–3014, 1993 U.S.Dist. LEXIS 18302 (S.D.Tex. Dec. 21, 1993) the court exercised supplemental jurisdiction over a removed case, which had been consolidated into a previously pending case. The magistrate judge presiding in *Simcox*

stated that she had admiralty and federal question jurisdiction over the earlier filed case and that, upon consolidation with the latter, the two became one. The magistrate judge then determined that it was proper to exercise supplemental jurisdiction over the claims contained in the second case, pursuant to 28 U.S.C. § 1367.[5] The *Simcox* court partly relied on *Leith v. Lufthansa German Airlines,* 793 F.Supp. 808 (N.D.Ill.1992). There, the district court addressed two personal injury actions filed against Lufthansa and one of its employees, respectively. Both actions were removed from state court and, subsequently, consolidated. The *Leith* court had no difficulty in exercising subject matter jurisdiction over the Lufthansa action, based on the Foreign Sovereign Immunities Act. Because the individual defendant was a low-level employee, however, the court was not certain regarding the Foreign Sovereign Immunities Act's applicability to him. Therefore, the court exercised pendent jurisdiction over the second action, pursuant to 28 U.S.C. § 1367. The application of Section 1367 to the removal of a second related action has also been approved in *Cohen v. Reed,* 868 F.Supp. 489 (E.D.N.Y.1994). In *Cohen,* however, the court remanded the second action to state court, due to procedural defects in the removal process.

A separate line of district court cases, however, rejects the use of Section 1367 as authority for the removal of related cases, which would not be removable standing alone. In *George v. Borden Chem. & Plastics Operating Ltd. Partnership,* 960 F.Supp. 92 (M.D.La.1997), the court disapproved of the removing parties' attempt to "blur the distinction between the jurisdictional elements of section 1367 and the removal elements of section 1441." *Id.* at 95. According to the *George* court, "The removal statute allows removal only of a civil action brought in a State court of which the district courts of the United States have original jurisdiction.

---

4. Pursuant to this Court's Supplemental Order Designating Cases for Coordinated or Consolidated Pretrial Proceedings, issued on March 17, 1998, American Airlines' hull suit has been designated as a coordinated or consolidated action for purposes of pretrial proceedings under MDL–1125.

5. Section 1367 provides, in pertinent part, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

The supplemental jurisdiction [bestowed by section 1367] is not a source of original jurisdiction." *Id.* In reaching this determination, the *George* court adopted the rationale expressed by the Eastern District of Pennsylvania in *In re Estate of Tabas,* 879 F.Supp. 464 (E.D.Pa.1995):

> Section 1367 allows plaintiffs to bring federal claims in federal court even though combined with state-law claims that would not otherwise be within a federal court's jurisdiction. The statute is not, however, an independent source of removal jurisdiction. To remove the Petition from state court to federal court, [defendant] must first find a federal claim in the Petition itself.... An already-existing federal action cannot provide the mechanism for removal of a non-removable state-court action.

*Tabas,* 879 F.Supp. at 467. *See also, Sebring Homes Corp. v. T.R. Arnold & Assocs. Inc.,* 927 F.Supp. 1098, 1101–02 (N.D.Ind.1995); ("Section 1367 provides no original jurisdiction over a separate, but related suit, and does not authorize removal from state court to federal court pursuant to § 1441.").

In *Ahearn v. Charter Township of Bloomfield,* 100 F.3d 451 (6th Cir.1996), the Sixth Circuit approved this latter view of the interplay between Section 1367 and Section 1441, noting that, "Absent complete pre-emption, the plaintiffs in a nondiversity action are masters of their complaint and may avoid federal subject-matter jurisdiction by relying exclusively on state law." *Id.* at 456. The *Ahearn* court's pronouncement comports with the *Rivet* guidelines, cited at the outset of this opinion. Therefore, this Court concludes that the *Tabas / Sebring / George* line of district court cases, as approved by the Sixth Circuit in *Ahearn,* present the better view of removal jurisdiction. Hence, the pendency of numerous cases in the multidistrict litigation captioned MDL–1125, In re Air Crash Near Cali, Colombia, on December 20, 1995, over which the Court has original jurisdiction, does not cure the absence of original jurisdiction in American Airlines' hull suit. Thus, this action must be remanded for lack of subject matter jurisdiction.

### CONCLUSION

Based on the foregoing considerations, it is

ORDERED AND ADJUDGED that American Airlines' motion for application of federal common law is DENIED. American Airlines' alternative motion for remand is GRANTED. Accordingly, it is further

ORDERED AND ADJUDGED that this Cause be and the same is hereby REMANDED to the Eleventh Judicial Circuit, in and for Dade County, Florida, for lack of subject matter jurisdiction. It is further

ORDERED AND ADJUDGED that all pending motions not otherwise ruled upon are DENIED without prejudice to their renewal, if appropriate, after remand. This case is CLOSED.