John McCLELLAND, individually and derivatively on behalf of JAF Partners, Inc., Landex Inc., Anderson Street Realty Corporation, East Main, Inc., and New Rochelle Medical Building, Plaintiffs,

v.

Frank LONGHITANO, Anthony Longhitano, 7–11 South Broadway Realty Corporation, 1–15 Huguenot Realty Corporation, 255 Main Street Realty Corporation, Long–Newro Enterprises Corporation, 426 Mamaroneck Avenue Realty Corporation, 515 Hudson Street Corporation, Nailati Development Corporation, Lim Realty Corporation, 277 Davenport Realty Corporation, 75 Surrey Drive Corporation, 466 Main Street Realty Corporation, John Doe Corporation, and Jane Doe Corporation, Defendants.

No. 01–CV–0182(LEK/RWS).

United States District Court, N.D. New York.

April 16, 2001.

Paul L. Gruner, Curran, Gruner Law Firm, Kingston, NY, for plaintiffs.

Richard A. Danzig, Kurzman, Eisenberg Law Firm, White Plains, NY, for defendants.

### MEMORANDUM—DECISION AND ORDER

KAHN, District Judge.

Presently before the Court is Plaintiffs' motion for remand. For the following reasons Plaintiffs' motion is GRANTED.

## I. BACKGROUND

Plaintiffs originally filed the above captioned complaint against Defendants on November 23, 1998 in New York State Supreme Court in Ulster County. The heart of their complaint is that Anthony Longhitano and Frank Longhitano, the individual defendants, were improperly using corporate properties to secure financing for other projects without granting any interest to plaintiff McClelland.[1] Plaintiffs' complaint asserts claims against Defendants for an accounting, constructive trust, fraud, conversion, breach of fiduciary duty, usurpation of corporate opportunity, and breach of contract.

In response, Defendants filed counterclaims against Plaintiff McClelland asserting that he illegally converted and appropriated corporate property from them for his own personal use, transferred corporate properties owned jointly by each to a new corporation owned solely by Plaintiff McClelland, failed to pay them proper dividends owed and was thereby unjustly enriched, must pay them restitution for his illegal use of corporate property, violated fiduciary duties owed them, must provide them an accounting, and violated 18 U.S.C. §§ 1961–1968 by engaging in racketeering and other fraudulent activity causing Defendants injury. Despite heated discovery disputes, not summarized here, Defendants sought to transfer venue of the instant litigation over a period of approximately fifteen months to New York State Supreme Court in Westchester County. In June 2000, the Ulster County State Supreme Court ruled that venue in Ulster County was proper.

Failing in their attempt to have the instant matter transferred to Westchester County, Defendants filed a federal case against Plaintiffs on February 7, 2001, docketed as 01–CV–183, alleging claims similar to their state court counterclaims. Concurrent with the filing of their federal action, Defendants also filed a notice of removal of the above captioned matter, pursuant to 28 U.S.C. § 1367, alleging that the Court had supplemental jurisdiction over it because it was related to the federal action. Plaintiffs now seek to remand the above captioned state matter back to the Ulster County Supreme Court.

## II. DISCUSSION

Under 28 U.S.C. § 1441, a Defendant in a state court action may remove the action to federal court if the state court action could have been originally filed in federal court and the defendant files a notice of removal with the federal court within thirty days after service of the state court complaint. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 1446. The parties do not dispute that Defendants could not have removed the instant case from state court under these statutes. Rather, Defendants argue that removal is justified under 28 U.S.C. § 1367(a). That statute declares:

*[I]n any civil action of which the district courts have original jurisdiction,* the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within which such original jurisdiction that they form part of the same case or

---

**1.** Anthony Longhitano, Frank Longhitano, and John McClelland began forming various business entities, including many of the various above captioned corporate bodies, in the 1970's with the express intent to invest in real estate properties. Defendants Anthony Longhitano and Frank Longhitano were granted permission to develop properties in Westchester County while plaintiff McClelland was granted permission to develop properties in Ulster County.

controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a) (emphasis added).

■ According to Defendants, because the state court action is so related to the existing federal court action, removal was proper and this Court may consolidate them. Although Defendants' approach does have the benefit of efficiency and avoids the possibility of inconsistent adjudications of similar, if not identical, issues, their argument incorrectly attempts to turn 28 U.S.C. § 1367(a) into an independent source of removal jurisdiction. *See In re Estate of Tabas*, 879 F.Supp. 464, 467 (E.D.Pa.1995). If the Court condoned such an approach, the statutory and jurisdiction mandates Congress carefully crafted for removing state cases to federal courts under 28 U.S.C. § 1441 would be rendered a nullity as state court defendants seeking to avoid those mandates and contrive federal jurisdiction could, as here, file an independent federal suit based on similar claims to those contained in the state law suit and then seek to remove the otherwise unremovable state law case to federal court. Such an interpretation of § 1367 would also be in conflict with the well-established rule that "a plaintiff may avoid federal jurisdiction by pleading only state law claims, even when federal claims are also available, and even if there is a federal defense." *Fax Telecomunicaciones Inc. v. AT & T*, 138 F.3d 479, 486 (2d Cir.1998) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)); *see also Wallace v. Wiedenbeck*, 985 F.Supp. 288, 290 (N.D.N.Y.1998) (same applies to federal counterclaims); *Memorial Hosp. for Cancer & Allied Diseases v. Empire Blue Cross & Blue Shield*, No. 93 CIV. 6682, 1994 WL 132151, at *5 (S.D.N.Y. April 12, 1994) (same); 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3722 (1998).

■ Almost every single authority to address this issue has concluded that the supplemental jurisdiction statute cannot be used in this manner. *See Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 456 (6th Cir.1996); *Fabricius v. Freeman*, 466 F.2d 689, 693 (7th Cir.1972); *Keene v. Auto Owners Ins. Co.*, 78 F.Supp.2d 1270, 1274 (S.D.Ala.1999) (noting "that a defendant may not invoke the supplemental jurisdiction statute to bootstrap an otherwise unremovable action into federal court."); *Pacific Bell v. Covad Comms. Co.*, No. 99–1491, 1999 WL 390840, *3, 1999 U.S. Dist LEXIS 8846, at *10 (N.D. Cal. June 9, 1999) (citations omitted); *Tafuri v. Jeppesen Sanderson, Inc.*, 25 F.Supp.2d 1364, 1369 (S.D.Fla.1998); *New York State Constr. Auth. v. Bedell Assocs.*, No. 97 CV 4159, 1997 U.S. Dist. LEXIS 15597, at *13 (E.D.N.Y. Sept. 12, 1997); *George v. Borden Chem. & Plastics Operating Ltd.*, 960 F.Supp. 92, 95 (M.D.La.1997); *Sebring Homes Corp. v. T.R. Arnold Assocs. Inc.*, 927 F.Supp. 1098, 1101–02 (N.D.Ind.1995); *In re Estate of Tabas*, 879 F.Supp. at 467; 13B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3567.3 (2000). On its face, 28 U.S.C. § 1367 distinguishes between actions and claims, allowing plaintiffs to bring federal claims in federal court even though combined with state law claims that would otherwise not be within a federal court's jurisdiction. *See In re Estate of Tabas*, 879 F.Supp. at 467. Nowhere does it indicate that it overrides the removal requirements contained in 28 U.S.C. § 1441 or changes the long standing rule that "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar*, 482 U.S. at 391, 107 S.Ct. 2425. Furthermore, Congress never implied nor indicated that the supplemental jurisdiction provisions contained in 28 U.S.C. § 1367 somehow bestow an inde-

pendent source of removal jurisdiction on this court for the benefit of state court litigants unhappy with the outcome of proceedings there. *See In re Estate of Tabas,* 879 F.Supp. at 467.

Defendants' reliance on *Cohen v. Reed,* 868 F.Supp. 489, 494 (E.D.N.Y.1994) to support their arguments concerning the propriety of removal here is unavailing. First, the *Reed* Court's blanket holding that it may properly assert supplemental jurisdiction over a related state law complaint does not in any way bind this court. Second, the Court notes that the veracity of the *Reed* Court's holding is cast in serious doubt not only by the fact that each of the cases cited above failed to follow its holding but by the additional fact that one of those cases was from the very same district as *Reed. See New York State Constr. Auth.,* 1997 U.S. Dist. LEXIS 15597, at *13. Finally, because the *Reed* Court failed to provide any analysis to explain its otherwise untenable conclusion this Court declines to follow it.[2]

### III. CONCLUSION

Accordingly, it is hereby

ORDERED that Plaintiffs' motion for remand is GRANTED; and it is further

ORDERED that the above captioned case is REMANDED to the Supreme Court of New York for the County of Ulster; and it is further

ORDERED that Plaintiffs request for fees and costs in having the case remanded is DENIED; and it is further

ORDERED that the Clerk of the Court serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.

2. Defendants' reliance on *Baylis v. Marriott Corp.,* 843 F.2d 658, 663–64 (2d Cir.1988) is equally unavailing. In that case, the Second Circuit did not address whether a state court litigant could utilize the supplemental jurisdiction statute to remove a state court action and combine with it an existing federal action. Although it appears that the district court might have removed an otherwise unremovable state court claim to federal court on the basis of an existing federal action, the Second Circuit remanded the state law case back to state court because no federal claims supporting jurisdiction were present. *See id.* The *Baylis* Court never addressed the propriety of the district court's actions. *See id.*